Before STATE INDUSTRIAL BOARD, Respondent.

MAURICE TRAYNOR, Claimant, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

Third Department, March 5, 1924.

Workmen's compensation — claimant, employee in park department of city, injured while returning home from daily evening duty of shutting off fountain in park — claimant received one hour's pay for this service — shutting off fountain required but few minutes — longer time spent in going and coming — claimant was employee " away from the plant " and was injured in course of employment and entitled to compensation.

An employee in the park department of a city, who was struck by an automobile and injured while returning from shutting off a fountain in a park, was injured in the course of his employment and entitled to compensation, where it appears that during the daytime he worked for seven hours in the city parks, while the working day of his fellow-employees consisted of eight hours, but it was his additional duty for which he received one hour's pay to go each evening

and turn off the water from a certain fountain, which act required but a few minutes of time, whereas going to the fountain and returning home required a much longer time, for under those circumstances such an employee must be regarded as an employee " away from the plant of his employer."

APPEAL by the defendant, The City of Buffalo, from an award of the State Industrial Board, entered in the office of said Board on the 26th day of October, 1922, and also from a decision and award entered in the office of said Board on the 11th day of July, 1923, based on an accident which occurred June 7, 1921.

*Frederic C. Rupp, Corporation Counsel [Gregory U. Harmon of* counsel], for the appellant.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The Workmen's Compensation Law distinguishes between an employee who is engaged in an occupation " upon the premises or at the plant " of his employer, and an employee who labors " away from the plant of his employer," " in the course of his employment." (§ 3, subd. 4.) An employee of the former class, who, while journeying to or from the plant or premises to which his work is localized, is accidentally injured upon a public street, is not within the coverage of the law, because not then in the course of his employment. (*Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.,* 225 N. Y. 130; *Murphy* v. *Ludlum Steel Co.,* 227 id. 634; *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.,* 229 id. 489; *Manor* v. *Pennington,* 180 App. Div. 130; *Jack* v. *Morrow Mfg. Co.,* 194 id. 565.) In other words, in the case of a plant worker, going to or coming from the plant is the business, not of the employer, but of the employee. It is otherwise of a non-plant worker. If he be accidentally injured upon a public street, while performing an errand or carrying a package for his master, or while journeying to make a sale or to conduct negotiations for his employer, or while returning after the performance of his errand, the accident is one " arising out of and in the course of his employment " and is compensatable. (*Matter of Hospers* v. *Smith Co.,* 230 N. Y. 616; *Matter of Roberts* v. *Newcomb & Co.,* 234 id. 553; *Matter of Harby* v. *Marwell Bros., Inc.,* 235 id. 504; *Habbershaw* v. *Shepard Co.,* 197 App. Div. 910; *Fuld* v. *Solomon Co.,* Id. 911; *Goater* v. *D'Olier,* 198 id. 959.) The claimant in this case was an employee of the park department of the city of Buffalo. During the daytime he worked for seven hours in the city parks. The working day of his fellow-employees consisted of eight hours. It was, however, an additional duty of this employee, after nine

o'clock in the evening of each day, to go to Gates Circle and there turn off the water from a fountain. In the instance complained of the claimant was returning to his home through the streets of the city, between nine and ten o'clock in the evening of a certain day, after having turned off the fountain at Gates Circle, when he was struck by an automobile and seriously injured. It seems to me that we have here the case, not of a plant worker, but of an employee " away from the plant " " in the course of his employment." The work of turning off the water at Gates Circle could have required but a moment of time, whereas going to and coming from Gates Circle required an appreciable length of time. For making the journey and for turning off the water claimant was allowed an hour's wage. Manifestly he must have been employed to go to and come from Gates Circle as well as to turn the lever which shut off the fountain. Therefore, it seems to me, that, within the authorities, the claimant was in the course of his employment when injured.

The award should be affirmed, with costs to the Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.