### MARYLAND CASUALTY CO. v. MASON.
### No. 11760.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1946.

Chas. C. Crenshaw, of Lubbock, Tex., and Eugene R. Smith, of El Paso, Tex., for appellant.

Davis Scarborough, of Abilene, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from a verdict and judgment in a workman's compensation suit finding appellee totally and permanently disabled and awarding him compensation in a lump sum, appellant is here insisting that the injuries for which claim was made were not received by appellee in the course of his employment and that a verdict should have been instructed for it. In addition, appellant complains of the definition the court gave of "injuries sustained while in the course of employment" and of the refusal to define the phrase as requested in its charges.

The facts[1] are brief. They came in without dispute.

[1] Appellee, a driller for Two States Drilling Company, while riding with members of his drilling crew in a car driven by one of them from Seminole, where he lived, to his work in the Fullerton oil fields, was severely disabled in an automobile accident.

Under the procedure obtaining in the oil field at the time of and before the accident, the operator employed the driller, and the driller then hired his crew which worked with him. A foreman, with the power to hire and fire, the driller was the man who was looked to to keep the work going on satisfactorily, and if the company became dissatisfied, the driller was fired, and he then fired his crew.

As the oil fields began to feel the pinch of the man power shortage during the war, it became more difficult to obtain and keep skilled employees, and, about a year and a half before the accident, Mason's employer had secured permission from the War Labor Board to reimburse the men at the rate of 7¢ per mile for the distance traveled by them in getting to and from their work.

The Fullerton field was 40 miles from the nearest settlement. In a remote and out of the way place, and as the workmen could find no place to stay in close proximity to it, they would have to drive back and forth to it from the small towns near by. Due to automobile shortages, the company did not furnish trucks or automobiles to carry these men to and from work. Instead of furnishing an automobile or of furnishing gasoline to each man to drive his own automobile, as in Republic Und. v. Terrell, Tex.Civ. App., 126 S.W.2d 752, the company, in effect, on each journey, paid the driver of the car which, in the company's interest, transported the men to and from their work, 7¢ per mile. Mason had worked for the company something less than a month before the accident happened, but the arrangement for paying 7¢ per mile had been in effect for a year and a half.

Upon the point whether it was a term of Mason's contract that transportation be furnished him by the company, the evidence is that Mason had been hired by one Buck Roberts, a driller, and that he did not discuss with him the method and means by which he would get to and from the place where he was to work. Mason testified: "The only instructions I had received was the written information in the tool house that we were paid for 80 miles, 7¢ a mile, and that was paid to whoever drove the car".

The employer testified that the details of doing the work were left up to the driller under the over all management of the tool pusher. One of the details the tool pusher was looking to the driller to perform was to have his crew there on time and ready to go to work.

One of the drillers testified that as a part of his duties the driller had the determination of who should drive the car from the place where the crew was staying out to where the work was being done. It was the tool pusher's job to supervise the drilling, and he had been instructed to tell each man who was hired that the company was paying 7¢ a mile car expenses, and he did so tell the men.

On the morning of the accident, Mason discovered that something was wrong with the car in which they had intended to go out originally. He noticed that Robinson's car was available, whereupon Mason said, "Mr. Robinson came down in his car and we will go in it".

Mason then testified that Robinson could have refused, but, "Well it was just a matter—it was of our jobs, and if he was interested in holding it, I wanted to keep him. If he didn't I didn't."

Appellant concedes that if, as a part of the contract of employment,[2] the company agreed to furnish Mason transportation to and from his work, and when he was injured he was being transported pursuant to said agreement, a case of injury in the course of employment was made out. It insists, however, that the evidence shows no more than that neither exerting nor claiming any right to control either the selection of the car and driver or the manner of its operation, it merely made a contribution to the employee who used his car just as in Republic Und. v. Terrell, Tex.Civ.App., 126 S.W.2d 752, on which it relies, the employer furnished gasoline to an employee who drove his own car to and from work.

Appellee agrees with appellant that it is the general rule that an employee cannot recover for injuries sustained while merely going to and from his place of employment.[3] He points out, though, that the exceptions are as clearly established as the rule. He insists that, under the facts of this case, it may not be doubted that the transportation furnished here was furnished as a part of Mason's employment, nor that, at the very time of his injuries, Mason, as driller and obligated to get himself and crew to work, was engaged in the course of his employment and in the furtherance of his employer's business. He cites as conclusive in support two decisions of the Commission of Appeals, Federal Surety Co. v. Ragle, Tex.Com.App., 40 S. W.2d 63, a leading case in Texas, and Fritzmeier v. Texas, Employers, 131 Tex. 165, 114 S.W.2d 236.

We need not labor to point out that the Terrell case, on which appellant places so much reliance, is completely different in its facts from this case and from those on which appellee relies, nor stop to say that, a decision of a court of civil appeals, if it may not be differentiated from them, it must be held to have been incorrectly decided. It is sufficient to say that we are in no doubt that the evidence fully supports the jury finding, indeed it establishes as matter of law, that Mason was in the course of his employment when he received his injuries, and that a verdict on this point was demanded in his favor. This conclusion makes unnecessary a discussion of appellant's point against the definition of "course of employment", given in the main charge, and the refusal to define it as in the charges defendant requested.[4]

The judgment was right. It is affirmed.

---

[2] 45 Tex.Jur., Sec. 119.
[3] 45 Tex.Jur., Sec. 118.

[4] But see Fritzmeier v. Texas Employers, 131 Tex. 165, 114 S.W.2d 236.