## BARRINGTON v. JOHNN DRILLING CO. et al.

### No. 4983.

Supreme Court of New Mexico.
May 21, 1947.

John R. Brand, of Hobbs, Jones, Hardie, Grambling & Howell, of El Paso, Tex., and Seth and Montgomery, of Santa Fe, for appellants.

Neal & Girand and Harris & Williams, all of Hobbs, for appellee.

COMPTON, Justice.

Appellee, Effie Mae Barrington, filed suit in the District Court of Lea County under

the Workmen's Compensation Act to recover compensation for the death of her husband, Richard M. Barrington.

Briefly, the basic facts are: Richard M. Barrington was an oil well driller and engaged in drilling wells in Lea County, in the vicinity of Eunice, some thirty miles from Hobbs, New Mexico, where he lived. He was employed by the defendant, Johnn Drilling Company, with American Employers' Insurance Company, insurer, as a driller. He was required, under his employment with the defendant, to furnish the drilling crew, usually consisting of three men besides himself. No housing facilities were provided at the job site and it became the duty of the driller to transport the drilling crew back and forth daily to work from their homes in Hobbs, New Mexico, in an automobile furnished by him. Barrington's employment required him to travel a distance of approximately sixty-five miles daily, for which he was to be and was paid by the defendant, seven cents per mile for transportation, in addition to his regular hourly wages. On the sixth day of September, 1945, while engaged in the transportation of the drilling crew from their place of work to their homes at Hobbs, an accident occurred, resulting in the death of the said employee, Richard M. Barrington. At the hearing before the trial court, it was admitted by the defendant that the employee Barrington was transporting himself and other members of the crew to and from

work in the deceased's car. It was also stipulated that the accident was not caused by any negligence of the employer as a proximate cause of the injury.

The applicable provision of the Workmen's Compensation Law is Section 57-912, Subsection (*l*), which reads as follows:

"(*l*) The words "injuries sustained in extra-hazardous occupations or pursuit,' as used in this act (Secs. 57-901—57-931) shall include death resulting from injury, and injuries to workmen, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence."

At the conclusion of the hearing the Court rendered its decision, making the following pertinent findings of fact:

"4. That under the contract of employment between the employees and the drilling company, the Company furnished transportation for said employees, including the deceased, from their place of residence in Hobbs, New Mexico, to the well and return.

and that $.07 per mile was paid to the employee on the crew who furnished the car for transportation, mand it was the duty of the deceased, Richard M. Barrington as the driller to furnish the car for transportation or see that some member of the crew furnished it, and that the deceased had during the time he had been in the employ of the defendant drilling company for several months furnished such transportation and had been regularly paid therefor by checks of the Johnn Drilling Company, but it was immaterial to the employer as to which employee furnished and drive the car which transported them.

"5. That until a few months prior to the death of the deceased, drilling companies operating in Lea County, New Mexico, did not furnish transportation, and the defendant, Johnn Drilling Company did not furnish transportation to their employees, but due to the freezing of wages of employees in oil fields the Johnn Drilling Company agreed to and did furnish such transportation for its employees as an increase in wages and in order to get better crews.

"6. That the deceased Richard M. Barrington, was killed while driving the automobile which he had furnished and in which the fellow members of his crew were riding as the result of a collision with a truck on the highway approximately ten miles north of the drilling site and on the direct and usually traveled route from the drilling site to Hobbs, New Mexico, after he had completed his tower duty; that is, his drilling on the well for which he was paid an hourly wage, and the employer was not guilty of any negligence in connection with the collision.

"7. That it was the duty of the person furnishing the car, in this case Richard M. Barrington, to pick up the various members of the crew at their homes in Hobbs, New Mexico, transport them to the drilling site, and after their working hours were completed at the oil well to transport and deliver each member of the crew to his home in Hobbs, New Mexico, and the deceased was engaged in such mission at the time he met his death."

Appellants assign the following as error:
"Assignments of Error.

"Assignment of Error No. I. The Trial Court erred in rendering judgment in favor of Appellee and against Appellants for compensation, attorney's fees and funeral expenses because the undisputed evidence showed that the injuries which caused the death of Appellee's husband occurred after leaving the duties of his employment and the employer was not negligent.

"Assignment of Error No. II. The Trial Court erred in finding that the employer furnished transportation to the employees when the undisputed evidence showed that the means of transportation were furnished by the employees themselves and that the company exercised no supervision or con-

trol over its employees during the period when employees were travelling between their homes and the well site and the car in which the decedent was riding was owned by the decedent and under his sole control and supervision."

Appellants contend that the accident resulting in the death of the deceased did not arise out of and in the course of his employment, and that the deceased came within the latter provision of subsection (*l*), supra, to wit:

"* * * but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence."

and that in the absence of negligence, admittedly not present here, of the employer proximately causing the injury of the deceased, appellee would not come within the terms of the Workmen's Compensation Act, and for a reversal cite: Caviness v. Driscoll Construction Company, 39 N.M. 441, 49 P.2d 251; Cuellar v. American Employers' Insurance Company of Boston, Massachusetts, 36 N.M. 141, 9 P.2d 685; Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S.W. 72; McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867; Public Service Company of Northern Illinois v. Industrial Commission et al. 370 Ill. 334, 18 N.E.2d 914; Republic Underwriters v. Terrell, Tex.Civ.App., 126 S.W.2d 752.

Conversely, appellee concedes she is not relying upon the latter part of said subsection but maintains she is entitled to recover compensation under that part of said subsection reading as follows:

"* * * while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, * * *"

and that the injury complained of was sustained while the deceased was engaged in the performance of his contract of employment, and that said injury arose out of and in the course of his employment.

Appellants maintained that appellee, to come within the terms of the Act, must show negligence of the employer proximately resulting in said injury, and that the legislature by adding the latter part of said section precludes recovery of compensation in any event where negligence is not shown on the part of the employer. They maintain our decisions in Caviness v. Driscoll Construction Company and Cuellar v. American Employers' Insurance Company of Boston, Massachusetts, supra, are controlling here.

In the case of Caviness v. Driscoll Construction Company, supra, the deceased workman was employed at and around a rock crusher then being used to crush rock for a highway, and sustained injuries in an

automobile collision. The cause was brought to the trial court on the issue of negligence of the employer as the proximate cause of the injury.

In the case of Cuellar v. American Employers' Insurance Company of Boston, Massachusetts, supra, the workman was employed by the State Highway Department of New Mexico and was killed by being struck with a rock thrown into the air by blast set off by an employee of the defendant company while he was walking in the area of road then under construction. Here too the issue of negligence of the employer, as the proximate cause of the injury, was the sole issue to be determined.

The stipulation of counsel at the hearing renders unnecessary our further consideration of the latter portion of said subsection.

 We therefore turn to a consideration of the correctness of the Court's finding that Barrington's injury arose out of and in the course of his employment. The trial court must necessarily determine that issue from the basic facts presented, and draw its inferences and deductions from them. Its finding that an injury did or did not arise out of and in the course of employment is conclusive, if supported by substantial evidence. That a judgment supported by substantial evidence will not be disturbed upon review is so well established that citation of authorities is deemed unnecessary.

 The term "arising out of and in the course of employment" as applied to injuries received by employees while traveling between their homes and their regular places of work has been held to preclude compensation. Such injuries do not arise out of and in the course of employment if they arise out of ordinary hazards of a journey and such hazards as are faced by all travelers and which are unrelated to the employer's business. This general rule, however, has certain well recognized exceptions. These exceptions relate to situations where hazards of the journey may fairly be regarded as hazards of the service to be performed and are dependent upon the nature and the circumstances of the particular employment; also where the employer contracts to and does furnish transportation to and from work. See Cardillo v. Liberty Mutual Insurance Company, 67 S.Ct. 801, 808.

 If, as a part of the contract of employment, the defendant agreed and did furnish transportation to and from work, and the deceased was injured while he was being transported, pursuant to said agreement, a case of injury in the course of employment is made out. In Cardillo v. Liberty Mutual Insurance Company, supra, the Court said:

"Each employment relationship must be perused to discover whether the employer,

*by express agreement or by a course of dealing,* contracted to and did furnish this type of transportation. For, that reason it was error for the Court of Appeals in this case to emphasize that the employer must have control over the acts and movements of the employee during the transportation before it can be said that an injury arose out of and in the course of employment. The presence or absence of control is certainly a factor to be considered. But it is not decisive. An employer may in fact furnish transportation for his employees without actually controlling them during the course of the journey or at the time and place where the injury occurs." (Emphasis ours)

It is also a general rule that the mere payment of cost of transportation by the employer where an injury sustained during the journey, does not arise out of and in the course of employment. More is required. The trial court found that Barrington's employer not only paid the cost of transportation, but that it paid it as a means of carrying out its contract to furnish transportation.

Reviewing the facts, we find ample evidence to sustain the findings made by the trial court.

There was no deviation from the regular course of travel to and from the drilling site, and had there been, so long as the employee was engaged in the service of his master and was injured, the circuitous route taken by him in its performance becomes immaterial. See Cardillo v. Liberty Mutual Ins. Co., supra, wherein the Court said:

"It was found that Ticer's employer paid the costs as a means of carrying out its contract obligation to furnish the transportation itself. Where there is that obligation, it becomes irrelevant in this setting whether the employer performs the obligation by supplying its own vehicle, hiring the vehicle of an independent contractor, making arrangements with a common carrier, reimbursing employees for the use of their own vehicles, or reimbursing employees for the cost of transportation by any means they desire to use. In other words, where the employer has promised to provide transportation to and from work, the compensability of the injury is in no way dependent upon the method of travel which is employed. From the statutory standpoint, the employer is free to carry out its transportation obligation in any way the parties desire; and the rights of the employees to compensation are unaffected by the choice made."

The McKinney v. Dorlac case, supra, presents a close analogy to the case at bar. While en route from Albuquerque to Roswell, McKinney was killed in an automobile accident. He was on his way to take other employment with the same employer. There was no negligence on the part of the

employer proximately causing the injury complained of, and in that case we said [48 N.M. 149, 146 P.2d 870]:

"It is undisputed that the deceased was in the employ of the appellant Dorlac at and before the time he was directed to proceed to Roswell, New Mexico, to take charge of a plastering job that appellant Dorlac had under contract. The deceased received his regular wages on the day of the accident, and was to receive pay as a foreman the following day if he arrived at Roswell in time to perform a day's work. There is no contention that appellee deviated from the regular route from Albuquerque, New Mexico, to Roswell, New Mexico."

In that case the injured workman was on a journey; in the case at bar the workman likewise was on a journey. The evidence shows that the work site was at a distant location; the wages of all workmen had been frozen and there was difficulty in obtaining efficient crews, adequate transportation facilities were unavailable, and that it was incumbent upon the driller, Barrington, under this condition to furnish and provide an efficient crew for the defendant. Quoting from Cardillo v. Liberty Mutual Ins. Co., supra, the Court further said:

"There was also evidence that the distant location of the Marine Base project, the hours of work and the inadequacy of public transportation facilities all combined to make it essential, as a practical matter, that the employer furnish transportation in some manner if employees were to be obtained for the job. This was not a case of employees traveling in the same city between home and work. Extended cross-country transportation was necessary. And it was transportation of a type that an employer might fairly be expected to furnish. Such evidence illustrates the setting in which the contract was drawn."

Similar cases have been decided, as in the case of Fairbank Co. v. Industrial Commission of Illinois, 285 Ill. 11, 120 N.E. 457, 458:

"When work for the day has ended and the employee has left the premises of his employer to go to his home, the liability of the employer ceases, unless after leaving the plant of the employer the employe is incidentally performing some act for the employer under his contract of employment."

See also Wineland v. Taylor, 59 Idaho 401, 83 P.2d 988; Dauphine v. Industrial Accident Commission, 57 Cal.App.2d 949, 135 P.2d 644; Fenton v. Industrial Accident Commission, 44 Cal.App.2d 379, 112 P.2d 763.

The recent case of Maryland Casualty Company v. Mason, 5 Cir., 158 F.2d 244, is analogous to the case at bar. Mason, the

injured workman, at the time of the injury was riding in an automobile, whereas the deceased in the case at bar was a driver. These were the only distinguishing facts. The decision of the Circuit Court of Appeals was that the injury rose out of and in the course of employment and overruled, or at least held Republic Underwriters v. Terrell, supra, to have been incorrectly decided.

From what has been said we conclude that the defendant agreed to, and did furnish transportation to the employee Barrington from and to his home as a part of his contract of employment, and that the injury and death of the workman arose out of and in the course of his employment.

Attorney's fees for services for appellee have been determined in the District Court. She now claims additional fees for the services of her attorneys in presenting this appeal. In view of the $1000 fee heretofore determined, an additional fee for $250 will be allowed.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., having tried the case below, did not participate.