237 P.2d 353

**CLOWER v. GROSSMAN et al.**
**No. 5394.**

Supreme Court of New Mexico.
Nov. 3, 1951.

Rehearing Denied Nov. 27, 1951.

A. B. Carpenter, Roswell, for appellants.

Reese & Snead, Roswell, for appellee.

COMPTON, Justice.

This is an action under the Workmen's Compensation Act to recover compensation for an accidental injury.

Appellee was employed by appellant, Grossman, as a waitress at the El Rancho Roswell Coffee Shop & Cocktail Lounge in the City of Roswell, New Mexico. She reported for work as usual on July 28, 1949. Her hours were from 12:00 noon to 2:00 p. m., and from 5:00 p. m. to 9:00 p. m. Some of appellant's employees worked eight hours daily, receiving therefor $3.50 plus two meals. Appellee, working only six hours, received $2.62 daily and the noon and evening meals as part of her pay. She ate the evening meals immediately after 9:00 p. m., and waitresses, while eating, were subject to call if their services were required. Upon her return to work on the morning of July 29, she became seriously ill, cramping and nauseated. Her condition worsened during the day, resulting in frequent vomiting. She went home about 6 in the evening and soon thereafter was

taken to a hospital where a physician diagnosed her case as acute gastroenteritis. She had severe headache, diarrhoea, fever, and generalized abdominal pain. Due to excessive vomiting and high fever, she suffered from severe dehydration. Her fever at the time of admittance to the hospital was 102 degrees, and at the next four hours test it was 104.4. She was also suffering from toxic shock, lethargy and mental depression. She was hospitalized under a doctors care for several days and was unable to return to work for some thirty days thereafter. It is conceded that she failed to give written notice of the injury to her employer and there is no evidence that notice was excused.

The questions presented are (a) whether appellee suffered a compensable injury within the meaning of the Workmen's Compensation Act, and (b) whether the giving of notice was waived.

The pertinent provisions of the act relating to notice, read: " * * * Any workman claiming to be entitled under this act (§§ 57–901—57–931) to compensation from any employer on account of injury suffered by accident arising out of and in the course of his employment shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, and at all events not later than sixty (60) days after such accident; Provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with such injury occurred had actual knowledge of the occurrence thereof. * * * In event he shall * * * fail to give such notice within the time required, * * * his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred. * * *" Section 57–913, 1941 Comp., as amended, Chapter 173, Laws of 1947.

There is no direct evidence as to how appellee received the injury complained of, but the following facts were shown: She was in good health when she went to work on July 28, 1949, the day of the claimed injury. She ate her evening meal, including coconut pie, immediately after 9:00 p. m. On the same evening, two other employees and two patrons also ate pie in some form at appellant's restaurant and all became ill the following day and were more or less similarly affected. Some were hospitalized and others were treated at home. All food consumed by appellee on July 28, was prepared by appellant, Grossman, and served in his restaurant. At the time appellee ate her evening meal she was still in uniform and on duty.

Appellant offered evidence tending to show that there was an epidemic of gastro-enteritis in Roswell at the time. The testimony would have warranted the court in so concluding, but the court was not impressed that appellee's ailment was a result of an epidemic.

The burden of proof is always on the plaintiff to show that the employee sustained an accidental injury in the course of and arising out of his employment. However, it is not necessary that the proof in this respect be direct, but may be shown by circumstantial evidence alone. Whether the circumstances are sufficient is for the trier of the facts. To say the least, it would seem quite unusual for five persons eating like food at a given time and place to become ill at approximately the same time unless there should be a common cause. This circumstance, standing alone, would warrant a reasonable inference that the most probable cause of appellee's injury was the food consumed by her in appellant's place of business the previous day.

The most probable cause having once been established, it was not incumbent upon appellee by her evidence to exclude all other possible causes. Travelers Ins. Co. v. McKain, 5 Cir., 186 F.2d 273; Travelers Ins. Co. v. Warrick, 5 Cir., 172 F.2d 516; Watson's Case, 322 Mass. 581, 78 N.E.2d 633; Flynn v. Growers Outlet, Inc., 307 Mass. 373, 30 N.E.2d 250; also, see 7 N.A.C.C.A.Law Journal, page 50.

Appellant also relies upon the provisions of section 57–912, subsection (*l*), 1941 Comp., which provides that the Act shall not include injuries to any workman *after leaving such duties*. It is claimed that appellee had left her employment at the time she ate the evening meal, hence the injury did not come within its provisions. In this respect appellant overlooks the fact that she was in uniform and while her fixed hours had ended she was, nevertheless, by the terms of her contract, required to render additional services, if necessary. We are satisfied that the evidence justifies the findings that the injury arose out of and in the course of her employment. Cf. Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P. 2d 602.

Judgment was entered June 17, 1950, awarding $464.94 for medical expenses, compensation in the amount of $43.20 for total temporary disability, and attorney fees of $150. Subsequently, on July 1, appellant requested the court to make additional findings of fact that notice of appellee's injury was not given within the time required by statute, and that appellant was without actual knowledge of an injury arising out of and in the course of her employment. The failure of the court to so

find is assigned as error. The assignment is without merit. Whether appellee sustained a compensable injury was the only question litigated, and judgment was entered on the single issue. At the trial, the failure to give notice was not suggested nor was an effort made to reopen the case or to invoke a ruling thereon. A question not raised below, will not be considered here. Cf. Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N.M. 686, 187 P. 560; Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464; Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307; Paull v. Preston Theatres Corp., 63 Idaho 594, 124 P.2d 562; Rich's Case, 301 Mass. 545, 17 N.E.2d 903.

Appellant also argues that the court was without jurisdiction of the subject matter. It was held in Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, that failure to give notice within the time fixed is jurisdictional, limiting the right of action. However, jurisdiction as there employed did not limit the powers of the court to hear and determine the matter involved or to render judgment where the question of notice had not been raised. Unquestionably, the district courts have jurisdiction to hear and determine cases of the general class to which the proceedings in question belong. Such is the test. Mares v. Kool, 51 N.M. 36, 177 P.2d 532; State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court of Eighth Judicial District et al., 38 N.M. 451, 34 P.2d 1098. Therefore, the failure to give notice, where notice is not excused, is jurisdictional only in the sense that it is precedent to the right to maintain an action for recovery if the question is properly raised.

The judgment will be affirmed and an additional amount of $250 will be awarded appellee as fees for her attorney in representing her on appeal. And it is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

COORS, J., not participating.