293 P.2d 654

Cleotilde MARTINEZ, Appellant,

v.

John N. FIDEL, Joe N. Fidel and Toufick N. Fidel and Estate of A. S. Nider, d/b/a El Fidel Hotel, Employer;

Mountain States Mutual Casualty Co., Insurer, Appellees.

No. 6009.

Supreme Court of New Mexico.

Feb. 6, 1956.

Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellant.

Hannett & Hannett, A. T. Hannett, G. W. Hannett, T. G. Cornish, Albuquerque, for appellees.

LUJAN, Justice.

This is a Workmen's Compensation case and the question is whether or not the accident and injury arose out of and in the course of employment of claimant by the defendant El Fidel Hotel in Albuquerque, New Mexico. At the close of claimant's case the trial judge directed a verdict in favor of defendant and its insurer, and claimant appeals.

The accident for which compensation is sought happened on January 12, 1954. For

seven months prior to this time the claimant had worked for the defendant, El Fidel Hotel, as a chambermaid for which she received $4.00 per seven hour day. Her duties were performed entirely on the hotel premises. The hotel is located on the southwest corner of Fifth Street and Copper Avenue. There is an entrance for guests on each street.

On the south side of the hotel there is a rear door which the employees of the hotel are required to use when entering and leaving the building. There are several ways of approach to this rear entrance. There is no requirement that any of the employees must use any particular approach to the door. On the south side of the hotel there is an alley between it and the Sears Roebuck Company's building which runs east and west. On the east side it runs into Fifth street and on the west into Sixth street. To the west side of the hotel is an open lot used by some other firm for parking vehicles. The Santa Fe Trailways Bus Company occupies the ground floor of the southwest corner of said hotel for a bus depot which abuts the alley in question.

The claimant contends that: "There is sufficient evidence of record to raise a question of fact on the issue whether or not appellant sustained an injury by an accident arising out of and in the course of her employment."

Subdivision (*l*), Section 59–10–12 of 1953 Compilation provides in part, as follows:

"The words 'injuries sustained in extra-hazardous occupations or pursuit,' as used in this act shall include death resulting from injury, and injuries to workmen, as a result of their employment and while at work *in or about the premises occupied, used or controlled by the employer*, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, *but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence*." (Emphasis supplied.)

On the date claimant was injured, she with other employees of the hotel emerged from the building at the entrance and exit required to be used by them, although she, nor any other employee, was required to use any particular route to the street. She had walked east along the alley way and was about to enter Fifth Street when she slipped on ice and fell down. When this happened she had finished her work for the day, her pay had stopped, and her employer's authority over her had ceased, and she was no longer engaged in furthering her employer's interests. She was simply

on her way home, on her own time, over a route which she could follow and use according to her own choice and volition. It was optional with her what route she would take after she left the hotel building through the rear door. She could have gone either through (1) the parking lot; (2) the bus station; (3) down the alley to Sixth Street; or (4) up the alley to Fifth Street.

Our act makes it clear that only injuries " 'arising out of and in the course of' " employment are compensable. Cuellar v. American Employers' Ins. Co. of Boston, Mass., 36 N.M. 141, 9 P.2d 685. "Out of" points to the cause or source of the accident, while " 'in the course of' " relates to time, place, and circumstances.

An accident occurring upon a public way, when the employee is not doing anything for the employer by reason of the employment is not compensable "because not arising out of his employment" and not occurring in the "course of his employment", Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585, unless the negligence of the employer was the proximate cause. Cuellar v. American Employers' Ins. Co. of Boston, Mass., supra.

Ordinarily "injuries" sustained by employees while on their way to assume the duties of their employment or after leaving such duties are not compensable. Caviness v. Driscoll Const., Co., 39 N.M. 441, 49 P.2d 251. But there are exceptions to the rule. Among them, where the employment requires the employee to travel on the highways. Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342. Where the employer contracts to and does furnish transportation to and from work. Barrington v. Johnn Drilling Co., 51 N.M. 172, 181 P.2d 166; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365.

Manifestly, in the case at bar, the injury did not result in any proper sense from a risk incidental to the employment as was the situation in McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867. It seems plain that the danger of the claimant's slipping upon the ice in a public way was not peculiar to her work, but was a hazard common to persons engaged in any employment who had to travel along the alley. The risk of slipping upon the icy pavement was common to the public generally who had occasion to pass over it on foot. Barton v. Skelly Oil Co., 47 N.M. 127, 138 P.2d 263. It was a danger due to climatic conditions to which persons in the vicinity, however employed, or if not employed at all, were equally exposed. As the hazard of slipping on the ice in the alley was not a causative danger peculiar to the claimant's employment, the injury received could not properly be found to have arisen out of the employment.

We have carefully examined the record and we fail to find any substantial evidence from which the jury would have

been authorized to infer negligence on the part of the defendant hotel.

The judgment of the district court is affirmed and the cause remanded.

It is so ordered.

COMPTON, C. J., SADLER and Mc-GHEE, JJ., and EDWIN L. SWOPE, District Judge, concur.