386 P.2d 708

Lenora M. McDONALD, Plaintiff-Appellant,

v.

ARTESIA GENERAL HOSPITAL, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 7310.

Supreme Court of New Mexico.

Nov. 12, 1963.

White & Musgrove, Farmington, for appellant.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellees.

NOBLE, Justice.

The appeal requires a determination, as a matter of law, whether the injury suffered by claimant is compensable under § 59–10–12(*l*), N.M.S.A.1953.

Claimant, a nurse at Artesia General Hospital, worked from 11 o'clock p. m. until 7 o'clock a. m. She had completed her work and was leaving the hospital on her way home when she slipped and fell on the steps just outside the front door, one of four exits available to her. It was snowing at the time. Claimant was not required to use any particular entrance or exit and chose the front door of the hospital because it was more convenient to where her car was parked. After her pre-trial deposition, defendants moved and were granted summary judgment dismissing the claim for workmen's compensation. This appeal followed.

The claimant urges error in denial of her claim to a compensable injury contending that this court should adopt either the "reasonable time and space" or the "premises" rule. The pertinent language of § 59–10–12 (*l*), N.M.S.A.1953, reads:

"(*l*) The words 'injuries sustained in extra-hazardous occupations or pur-

suit,' as used in this act shall include * * * injuries to workmen, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, *but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence."* (Emphasis added)

It is argued that because claimant, at the time of the injury, was upon the employer's premises, returning home from work over a usual, practical and convenient route to her, the injury should be deemed to have arisen out of and in the course of her employment within the requirements of the New Mexico Workmen's Compensation Act, and thus proof of the employer's negligence is not required. She relies strongly upon Kauffman v. Co-Operative Refinery Ass'n of Coffeyville, 170 Kan. 325, 225 P.2d 129; Teague v. Boeing Airplane Co., 181 Kan. 434, 312 P.2d 220 and Annotations found at 82 A.L.R. 1043 and 159 A.L.R. 1394, citing decisions of many states applying the "reasonable time and space" and "premises" rules, and holding that an injury is deemed to have arisen out of and in the course of the employment if the injury was sustained by an employee while going to or coming from his place of work upon premises owned or controlled by the employer. All of the cases, except possibly those from Kansas, are distinguishable because of a difference in the language of the workmen's compensation act.

Regardless of what theory we might apply if the question was one of first impression, we consider controlling our decisions which have firmly established that proof of negligence of the employer is required under the "going and coming" provision of the New Mexico Workmen's Compensation Act, when work for the employer has ceased, even though the injury may occur while the employee is still upon the employer's premises. Cuellar v. American Employers' Insurance Company of Boston, Mass., 36 N.M. 141, 9 P.2d 685 and Caviness v. Driscoll Const. Co., 39 N.M. 441, 49 P.2d 251. See also Barrington v. Johnn Drilling Co., 51 N.M. 172, 176, 181 P.2d 166 and Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816.

Counsel for claimant, in oral argument, agrees that our analysis of Cuellar and Caviness is correct, but asserts that they have been overruled by implication by Wilson v. Rowan Drilling Co., 55 N.M. 81, 227

P.2d 365 and McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867. We must disagree. Neither Wilson nor McKinney were "going and coming" cases. In each, the action was predicated upon an injury occurring off the employer's premises but at a place where the employer's business required the employee's presence and subjected him to extra-hazardous duties incident to the business. In each case, the employee was actually performing services for the employer at the time of the injury. Even though many courts of other jurisdictions apply the "premises" rule, a re-examination of the "coming and going" provision of our workmen's compensation statute discloses no compelling reason to overrule Cuellar and Caviness, and we re-affirm the principles stated in those decisions.

■ Claimant argues that it was snowing when she left the hospital, and asserts that the hospital was negligent in not having removed snow and ice which had fallen on the hospital steps. No claim of defendant's negligence appears in the district court. Non-jurisdictional matters not urged in the court below cannot be raised for the first time on appeal. Supreme Court Rule 20(1); Roseberry v. Phillips Petroleum Co., 70 N.M. 19, 369 P.2d 403; Koran v. White, 69 N.M. 46, 363 P.2d 1038; In re Guardianship of Caffo, 69 N.M. 320, 366 P.2d 848.

■■ The ingenious argument that furnishing steps and sidewalk as a means by which its employees could leave the premises is tantamount to providing them transportation to and from work is likewise without merit. The word "transportation" in the workmen's compensation law is employed in its ordinary sense and cannot be construed as claimant argues. Compare Barrington v. Johnn Drilling Co., supra. Nor, under the circumstances here present, was claimant performing a service for the employer because she intended to give her supervisor a ride home. That was not a part of her duties. See Brown v. Arapahoe Drilling Co., supra.

The judgment should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.