423 P.2d 991

Lloyd Frederick **RINEHART**, Plaintiff-Appellant,

v.

**MOSSMAN–GLADDEN, INC.,** and Mountain States Mutual Casualty Co., a corpora-*tion,* Defendants-Appellees.

No. 8024.

Supreme Court of New Mexico.

Jan. 30, 1967.

Rehearing Denied March 2, 1967.

---

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, John R. Cooney, Leland S. Sedberry, Albuquerque, for appellees.

## OPINION

SPIESS, Judge, Court of Appeals.

Plaintiff, Lloyd Frederick Rinehart, appeals from a judgment granted in favor of the defendants, Mossman-Gladden, Inc., his employer and its workmen's compensation carrier, Mountain States Mutual Casualty Company. Plaintiff Rinehart was employed by Mossman-Gladden for approximately seven years as a gardener prior to sustaining the injury for which he seeks compensation. During this time he was paid a monthly wage and furnished with a house and utilities. Two or three months after starting to work for Mossman-Gladden he was provided with a vehicle to use in his work and in going back and forth to work. It was shown that use of the vehicle for going to and from home to his place of work was provided in lieu of a raise in pay. On March 4, 1965, while en route home in the employer's vehicle, plaintiff was injured as the result of a collision at a street intersection as plaintiff stopped in obedience to a traffic signal.

Rinehart urges that the trial court erred in granting judgment denying his claim for workmen's compensation asserting that since the accident and injury occurred while he was en route home in transportation furnished by his employer pursuant to contract between them, he was, therefore, in the course of his employment at that time and entitled to receive workmen's compensation.

The applicable provision of the workmen's compensation act is contained in § 59–10–6, N.M.S.A., 1953, as follows:

"The right to the compensation provided for in this act. * * *, shall obtain in all cases where the following conditions occur: * * * (b) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment * * *"

As a general rule injuries sustained by an employee while on the way to assume

the duties of employment or after leaving such duties are not compensable. Cuellar v. American Employers' Insurance Company of Boston, 36 N.M. 141, 144, 9 P.2d 685 (1932); Martinez v. Fidel, 61 N.M. 6, 9, 293 P.2d 654 (1956).

The general rule above-mentioned is not without exception as noted in Cuellar, supra. Larson in his treatise on workmen's compensation, I Larson, Workmen's Compensation Law, 253, 266–68, 275, states that the basic principle or premise underlying the "exceptions" to the going and coming rule and the clue to their proper limits is found in the principle that the injury is compensable only where the journey is an inherent part of the service for which the employee is compensated or where the travel itself is a substantial part of the service performed.

In Barrington v. Johnn Drilling Company, 51 N.M. 172, 181 P.2d 166 (1947) we said: " * * * the mere payment of cost of transportation by the employer where an injury sustained during the journey, does not arise out of and in the course of employment. More is required."

■ An examination of the facts in this case demonstrates that the plaintiff in going to and from work was not in the performance of service arising out of or in the course of his employment. His duties in behalf of the employer had terminated for the day. He was not being compensated for his time spent en route between the place of work and his home. The accident did not occur on the employer's premises, nor did plaintiff's duties require his presence at the place where the accident occurred. The risk which caused the accident was one common to the traveling public and was not created by his employment.

The plaintiff relies on three New Mexico cases, Barrington v. Johnn Drilling Company, supra; Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816 (1962); and La Rue v. El Paso Natural Gas Co., 57 N.M. 93, 254 P.2d 1059 (1953). Each of these cases is distinguishable. In *Barrington* the workman was required to transport himself and his crew an unusual distance to work for which he was to be paid by the employer a sum in addition to his regular hourly wage. *Brown* involved a workman performing one of the duties of his employment which made the travel an inherent part of the service for which the employee was compensated. And in *La Rue* the vehicle in which claimant rode was under the control of the employer.

In our opinion, a case of injury arising out of and in the course of employment is not established by the facts present in this case.

It follows that the judgment of the trial court should be affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.