512 P.2d 1280

**Gloria HAYES, Plaintiff-Appellant,**

v.

**AMPEX CORPORATION, Employer, and Argonaut Insurance Co., c/o New Mexico Adjustment Co., Defendants-Appellees.**

**No. 1115.**

Court of Appeals of New Mexico.

July 11, 1973.

James H. Foley, Adams & Foley, Albuquerque, for plaintiff-appellant.

Joseph J. Mullins, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

OPINION

WOOD, Chief Judge.

This is a workmen's compensation case. Plaintiff, employed as an assembly worker, had emerged from the door of the employer's building and was on the way to her car in the employer's parking lot. Her work shift had ended; she was going home. Three to six feet from the door she slipped and fell. The compensation claim is based on injuries from this fall. The trial court granted summary judgment for

defendants; plaintiff appeals. The issue is the applicability of § 59–10–12.12, N.M.S. A.1953 (Repl.Vol. 9, pt. 1, Supp.1971).

■ New Mexico's Workmen's Compensation statute is based on extra-hazardous occupations and pursuits. Sections 59–10–2 and 59–10–10, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). Section 59–10–12.12, supra, states:

"As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], unless the context otherwise requires, the words 'injuries sustained in extra-hazardous occupations or pursuit' shall include death resulting from injury, and injuries to workmen, as a result of their employment and *while at work* in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere *while at work* in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, *but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of. which injury is not the employer's negligence.*" (Our emphasis)

■ Under § 59–10–12.12, supra, for an injury to have been sustained in an extra-hazardous occupation or pursuit, it must have been sustained "while at work" either in or about the premises of the employer or at any place where the employer's business requires the presence of the employee. "[W]hile at work" is synonymous with "in the course of the employment." Whitehurst v. Rainbo Baking Company, 70 N.M. 468, 374 P.2d 849 (1962).

■ Defendants' showing was that plaintiff was not at work when she fell; her shift was over and she was going home. Plaintiff attempts to raise a factual issue preventing summary judgment on the basis that she was wearing her "work smock" and intended to launder the smock at home. Smocks were required but, by plaintiff's own admission, she was not required to launder the smock. This did not raise a factual issue as to an injury while at work.

Plaintiff asserts her factual situation is similar to the facts in Clower v. Grossman, 55 N.M. 546, 237 P.2d 353 (1951) and Whitehurst v. Rainbo Baking Company, supra. This is incorrect. In *Clower*, supra, the waitress was "on call" for additional duties. In *Whitehurst*, supra, the personal comfort (a coffee break) was undertaken during working hours while waiting for the delivery of a part for an automobile and such personal comfort was a contemplated and permitted aspect of the employment. In both cases, the New Mexico Supreme Court upheld findings that the injury occurred in the course of employment.

■ Here, the uncontradicted showing is that the accident occurred after plaintiff's hours of work had ended and when she was going home. She was not at work when the accident occurred. McDonald v. Artesia General Hospital, 73 N.M. 188, 386 P.2d 708 (1963).

Plaintiff asserts her accident was covered by the last phrase of § 59–10–12.12, supra, emphasized above. This phrase is to the effect that injuries in extra-hazardous occupations and pursuits do not include injuries occurring after leaving the duties of employment unless the injury is caused by the employer's negligence. No claim is made in the appeal that the employer was negligent.

Plaintiff's claim is that she had not left the duties of her employment because so long as she was on the employer's premises she was subject to various rules and regulations of the employer, the breach of which could result in disciplinary action against plaintiff. Plaintiff contends "work" and "duties" have different meanings and that compensation coverage extends to employees injured before leaving their duties.

We have previously pointed out that § 59–10–.12.12, supra, provides workmen's compensation coverage for injuries "while at work" and excludes from coverage non-negligent injuries occurring after leaving

the duties of employment. By distinguishing between "work" and "duties," plaintiff would introduce a third concept—injuries while performing "duties" which are not "work." Assuming, but not deciding, that plaintiff's compliance with employer rules and regulations was performance of a duty of employment, we have a situation to which § 59–10–12.12, supra, does not apply. The fallacy in plaintiff's argument is that she would distinguish between "work" and "duties," but then extend coverage to "duties" although the coverage of § 59–10–12.12, supra, applies only to "work." The distinction sought by plaintiff does not bring her within the coverage of § 59–10–12.12, supra.

Further, the distinction sought by plaintiff is not supported by New Mexico decisions. The "duties of employment" referred to in the last phrase of § 59–10–12.12, supra, is synonymous with "while at work," which in turn (as previously pointed out) is synonymous with "in the course of the employment." McDonald v. Artesia General Hospital, supra, states: " * * * that proof of negligence of the employer is required under the 'going and coming' provision * * * *when work for the employer has ceased,* even though the injury may occur while the employee is still upon the employer's premises. * * *" (Our emphasis). Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365 (1950) states: "It is a general rule, *and so provided by statute* in this state, that an employe is not in the course of his employment while going to and returning from his work. * * *" (Our emphasis).

The summary judgment is affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

All that is necessary to write is that plaintiff made no claim, nor offered any proof, that her employer was negligent, and that its negligence was the proximate cause of her injuries. This is a condition precedent to recovery. McDonald v. Artesia General Hospital, 73 N.M. 188, 386 P. 2d 708 (1963); 1 Larson's Workmen's Compensation Law, § 15.42, note 42.

As a matter of public interest, *McDonald* should be reversed. New Mexico is the only state in the union which has adopted the hazardous employment limitation as an inheritance from the pre 1917 period. 1 A Larson's Workmen's Compensation Law, § 55.10, at 981. In 1934, the Supreme Court said the above rule is a harsh rule, a matter of legislative policy subject to interpretation by the court. Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255 (1934).

It would be simple to adopt the "on premises" rule. Even though plaintiff was admittedly going home, she was entitled to workmen's compensation because she was still governed by Ampex rules in walking to her car located on a company parking lot provided for employees. It was an incident of employment. For "parking lot" cases, see, Federal Insurance Company v. Coram, 95 Ga.App. 622, 98 S.E.2d 214 (1957); United States Casualty Company v. Russell, 98 Ga.App. 181, 105 S.E.2d 378 (1958); Brown v. Reed, 209 Va. 562, 165 S.E.2d 394 (1969); Willis v. State Accident Insurance Fund, 3 Or.App. 565, 475 P.2d 986 (1970); 58 Am.Jur. Workmen's Compensation, § 221; 1 Larson's Workmen's Compensation Law, § 15.14; 8 Schneider, Workmen's Compensation Text (Permanent Edition) § 1712; 99 C.J.S. Workmen's Compensation § 234.