540 P.2d 846

**Boyce D. EDENS, Plaintiff-Appellant,**

v.

**NEW MEXICO HEALTH AND SOCIAL SERVICES DEPARTMENT, a Department of the State of New Mexico, Employer, and Mountain States Mutual Casualty Company, a corporation, Insurer, Defendants-Appellees.**

**No. 1776.**

Court of Appeals of New Mexico.

May 28, 1975.

Certiorari Granted June 30, 1975.

———◆———

David W. Bonem, Clovis, Scott H. Mabry and David F. Boyd, Jr., Albuquerque, for plaintiff-appellant.

James A. Parker, Judy A. Fry, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

OPINION

HENDLEY, Judge.

Plaintiff is the surviving spouse of decedent who died from injuries sustained in a motor vehicle accident. The court held that plaintiff was not entitled to benefits under the Workmen's Compensation Act (§§ 59–10–1 through 59–10–37, N.M.S.A. 1953 (2d Repl. Vol. 9, 1974, pt. 1)) because decedent was not performing any duties of her employment at the time of the accident. Plaintiff appeals. We affirm.

Decedent was employed by HSSD in Albuquerque. She and other employees were required to attend a two day conference in Santa Fe. To reduce costs they were requested to form car pools and to return to Albuquerque after the meetings. Four employees, including decedent, mutually agreed to meet at a parking lot in Albuquerque. They then proceeded to the conference in Santa Fe in a car driven by decedent.

At the conclusion of the first session in Santa Fe they returned to the parking lot

in Albuquerque. The three other employees disembarked and decedent proceeded on her way home. While decedent was driving from the parking lot she was involved in a collision, sustaining injuries from which she subsequently died.

Section 59–10–13.3, supra, states in part:

"A. Claims for workmen's compensation shall be allowed only:

"(1) when the workman has sustained an accidental injury arising out of, and *in the course of his employment;*

"(2) when the accident was reasonably incident to his employment; and

"(3) when the disability is a natural and direct result of the accident." [Emphasis added].

Section 59–10–12.12, supra, states in part:

" * * * the words 'injuries sustained in extra-hazardous occupations or pursuit' shall include death resulting from injury, and injuries to workmen, as a result of their employment and *while at work* in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere *while at work* in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, *but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence."* [Emphasis added].

*While at work* is synonymous with *in the course of the employment. Hayes v. Ampex Corporation,* 85 N.M. 444, 512 P.2d 1280 (Ct.App.1973).

The trial court found as follows:

"13. Betty Jean Edens had completed all of the duties of her employment with the New Mexico Health & Social Services Department for the day of October 3, 1973, before the time of the accident in which she was involved on the evening of October 3, 1973.

"14. At the time and location of the motor vehicle accident in which Betty Jean Edens was involved on October 3, 1973, Betty Jean Edens was not performing any duties of her employment by the New Mexico Health & Social Services Department, and she was not acting in the scope and course of her employment by the New Mexico Health & Social Services Department.

"15. The accident in which Betty Jean Edens was involved on the evening of October 3, 1973, did not arise out of, nor was it incidental to, her employment by the New Mexico Health & Social Services Department."

Plaintiff contends these findings are not supported by the evidence. Plaintiff relies on " * * * the universally recognized exception to that rule where travel on the employer's business requires the employee to be on the highway after work as a necessary incidental part of that employment * * * *Brown v. Arapahoe Drilling Co.,* 70 N.M. 99, 370 P.2d 816 (1962) * * *."

█ Viewing the evidence and all reasonable inferences that flow therefrom in a light most favorable to support the verdict, the showing is that the accident occurred after decedent's work was ended and she was going home. Decedent was not at work. *Hayes v. Ampex Corporation,* supra; *McDonald v. Artesia General Hospital,* 73 N.M. 188, 386 P.2d 708 (1963).

█ Once it was mutually agreed to meet at the parking lot, then it was at this point that their employment started and upon their return from Santa Fe, their employment terminated. Compare *Wilson v. Rowan Drilling Co.,* 55 N.M. 81, 277 P.2d 365 (1950). The service for the employer was not in going from home to the parking lot but in going from the parking lot to the sessions in Santa Fe and returning to the parking lot. It is the service to be performed for the employer that is material. Compare *Brown v. Arapahoe Drilling Co.,* supra. See also *Rinehart v. Mossman-*

*Gladden, Inc.,* 77 N.M. 470, 423 P.2d 991 (1967). Further, at the time of the accident decedent was not charged with any duty or task in connection with her employment. The duties for the day had been finished. *McDonald v. Artesia General Hospital,* supra.

We deem oral argument unnecessary.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.