568 P.2d 233

Dolores AVILA, Plaintiff-Appellee,

v.

PLEASURETIME SODA, INC.; a New Mexico Corporation, and Allstate Insurance Company, Inc., an insurance company authorized to issue insurance in the State of New Mexico, Defendants-Appellants.

No. 2865.

Court of Appeals of New Mexico.

July 26, 1977.

LeRoi Farlow, LeRoi Farlow, P. A., Albuquerque, for defendants-appellants.

Lorenzo A. Chavez, Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

The "going and coming" provision of the Workmen's Compensation Act, § 59–10–12.-12, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1, 1975 Supp.) is the subject matter of this appeal by defendants. The trial court awarded a judgment for plaintiff and defendants appeal. We affirm.

Plaintiff was employed by defendant Pleasuretime Soda, Inc. as a manager of a retail soda pop outlet. She opened and closed the business. In addition to her usual duties during regular working hours, plaintiff closed the business and made nightly deposits at a bank every working day. The bank was located at 1900 Bridge

Boulevard, S.W. in Albuquerque, a point east of Coors Road and Bridge Boulevard. Plaintiff drove her own car at her own expense.

Defendant Pleasuretime's business was located at 1248 Coors Road, S.W. Plaintiff's residence was located at 425 65th Street, S.W., north of Bridge Boulevard and west of Coors Road.

Just giving addresses cannot adequately describe the problem. To perform her after hours banking duty for her employer, plaintiff had to drive north on Coors Road to Bridge Boulevard, then east on Bridge Boulevard to the bank and make the deposit for her employer. On her return home, plaintiff had to drive west on Bridge Boulevard to Coors Road, north on Coors Road to a point at which she would leave Coors Road to drive home.

On the night in question, plaintiff made the deposit at the bank. After leaving the bank, she drove west on Bridge Boulevard. Prior to reaching Coors Road, the accident in question occurred.

Section 59–10–12.12, supra, reads in pertinent part:

As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], unless the context otherwise requires, "injury by accident arising out of and in the course of employment" shall include accidental injuries to workmen, . . . as a result of their employment *and while at work in any place where their employer's business requires their presence, but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties . . . .* [Emphasis added.]

The question for decision is:

Did plaintiff, driving west on Bridge Boulevard from the bank to Coors Road, suffer an accidental injury "while at work in any place where [her] employer's business requires [her] presence," or did the accidental injury occur after leaving the duties of her employment as provided by Section 59–10–12.12?

To answer the question requires an interpretation of § 59–10–12.12.

The assistance of counsel on this appeal has been displeasing.

■ It requires no citation of authority that the Workmen's Compensation Act must be liberally construed to accomplish beneficent purposes for which it was enacted, and that all reasonable doubts must be resolved in favor of employees.

In a concurring opinion in *Cuellar v. American Employers' Ins. Co. of Boston, Mass.*, 36 N.M. 141, 148, 9 P.2d 685, 689 (1932), Justice Watson said:

The situation of the workman on his way to and from his duties had long been a no man's land.

It still is.

■ The trial court found that defendant's business required plaintiff to "deviate" from her route home to make the bank deposit. We agree. At the time plaintiff closed her employer's business, she left the duties of her regular working hours at the place of business. She did not leave the duties of her employment. These duties continued to the time she deposited her employer's money in the bank and then returned to that point on the highway which would constitute her normal route home and the termination of her duties of employment.

The area of "deviation" was on Bridge Boulevard from Coors Road to the bank and a return to Coors Road. It naturally follows that during the time plaintiff drove east from Coors Road to the bank and then drove west to Coors Road, plaintiff was at work at a place where her employer's business required her to be.

■ If the facts in the case are termed a "deviation" or a "detour" for a business purpose, the business character persisted throughout the deviation until the plaintiff made her way back to the personal route home. 1 Larson's Workmen's Compensation Law §§ 19.36, 19.37 (1972); see, *Clark v. Electronic City*, 90 N.M. 477, 565 P.2d 348 (Ct.App. 1977).

Defendant relies on *Edens v. New Mexico Health & Social Services Dept.*, 88 N.M. 366, 540 P.2d 846 (Ct.App. 1975); *Rinehart v. Mossman-Gladden, Inc.*, 77 N.M. 470, 423 P.2d 991 (1967); *McDonald v. Artesia General Hospital*, 73 N.M. 188, 386 P.2d 708 (1963), and *Ross v. Marberry & Company*, 66 N.M. 404, 349 P.2d 123 (1960).

The trouble with many lawyers in the trial and appeal of a case is a failure to note whether certiorari has been granted in a case relied on. In *Edens*, supra, certiorari was granted and the case reversed in *Edens v. New Mexico Health & Social Services Dept.*, 89 N.M. 60, 547 P.2d 65 (1976), 8½ months before the present case was tried. The Supreme Court allowed recovery of workmen's compensation. Decedent and other employees of HSSD were required to attend a two-day conference in Santa Fe. They met at a parking lot in Albuquerque, proceeded to Santa Fe in decedent's car, and then returned to the parking lot. After the other employees disembarked, decedent proceeded on her way home. While driving from the parking lot, decedent was involved in a collision, sustaining injuries from which decedent subsequently died. In reversing this Court, the Supreme Court decided two matters of vital importance:

(1) The "special errand" rule is an exception to the "going and coming" rule. Each employee is covered under the Act during transportation to or from work so long as the travel was required at the direction of the employer.

(2) Where the historical facts of a case are undisputed, the question of whether an accident arose out of and in the course of employment is a question of law.

In the instant case, the historical facts are undisputed, and plaintiff performed a "special errand" every working day as a matter of law.

In *Rinehart* and *McDonald*, relied upon by defendant, the employee was injured after regular work had ended and the employee was on the way home. In *Ross*, the employee was on the way from home to the place of employment to assume the duties of employment. To these cases we may add, *Martinez v. Fidel*, 61 N.M. 6, 293 P.2d 654 (1956), and *Hayes v. Ampex Corporation*, 85 N.M. 444, 512 P.2d 1280 (Ct.App. 1973). The cases relied upon by defendant are not applicable when the zone of employment danger has been extended beyond the employer's premises, and plaintiff runs "special errands" every working day.

For other exceptions to the "going and coming" rule, see *Sullivan v. Rainbo Baking Company*, 71 N.M. 9, 375 P.2d 326 (1962); *Whitehurst v. Rainbo Baking Company*, 70 N.M. 468, 374 P.2d 849 (1962); *Wilson v. Rowan Drilling Co.*, 55 N.M. 81, 227 P.2d 365 (1950); *Clower v. Grossman*, 55 N.M. 546, 237 P.2d 353 (1951); *Allen v. D. D. Skousen Const. Co.*, 55 N.M. 1, 225 P.2d 452 (1950); *Barrington v. Johnn Drilling Co.*, 51 N.M. 172, 181 P.2d 166 (1947); *McKinney v. Dorlac*, 48 N.M. 149, 146 P.2d 867 (1944).

We hold that the instant case is outside the "going and coming" rule.

Plaintiff was employed to perform a "special errand" every working day—the deposit of the employer's funds in a bank after normal working hours. Here, there is less difficulty in concluding that plaintiff was acting within the scope of her employment.

*Youngberg v. Donlin Company*, 264 Minn. 421, 119 N.W.2d 746, 749 (1963), says:

From an examination of the authorities which discuss the so-called special errand rule it appears that it has been applied where (a) there is an express or implied request that the service be performed after working hours by an employee who has fixed hours of employment; (b) the trip involved on the errand be an integral part of the service performed; and (c) the work performed, although related to the employment, be special in the sense that the task requested was not one which was regular and recurring during the normal hours of employment.

For cases which support the "special errand" rule, see: *Schreifer v. Industrial Accident Commission*, 61 Cal.2d 289, 38 Cal. Rptr. 352, 391 P.2d 832 (1964) where *Ross v. Marberry & Company*, supra, is criticized,

and cases cited; *Cymbor v. Binder Coal Co.*, 285 Pa. 440, 132 A. 363 (1926); *Traynor v. City of Buffalo*, 208 App.Div. 216, 203 N.Y.S. 590 (1924). And where it appears that employment "impelled" an employee to make a trip to his place of employment, see *In re Papanastassiou's Case*, 362 Mass. 91, 284 N.E.2d 598 (1972).

In the instant case, plaintiff was at work at the place where her employer's business required her to be. It was incident to the business. In addition, plaintiff falls within the "special errand" rule. From Coors Road to the bank on Bridge Boulevard, and plaintiff's return to Coors Road on Bridge Boulevard, before beginning her trip home, plaintiff was acting in the scope and in the course of her employer's business.

Plaintiff is awarded $1,500.00 as attorney fees on this appeal.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., and PAUL SNEAD, District Judge, concur.