## 29173. GOOSEBY v. PINSON TIRE COMPANY.

SUTTON, J. 1. "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, . . due to intoxication or wilful failure or refusal to . . perform a duty required by statute. . . The burden of proof shall be upon him who claims an exemption or forfeiture under this section." Code, § 114-105.

2. "The general rule is that mere violations of instructions, orders, rules, ordinances, and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct; and where the misconduct consists of a failure or refusal to perform a duty required by statute, a bare failure, or refusal, without more, does not constitute a wilful failure or refusal to perform such duty. Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents." *Ætna Life Insurance Co.* v. *Carroll*, 169 *Ga.* 333 (1-a, b) (150 S. E. 208).

3. "Wilful misconduct, or wilful failure or refusal to perform a duty required by statute, is more than negligence or even gross negligence; it involves conduct of a criminal or quasi-criminal nature, the intentional doing of something, either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences." "While generally the mere violation of a statute is negligence, if such statute is a penal statute, and its violation is a crime, the transaction loses its character of negligence, and becomes wilful misconduct within the meaning of our compensation act." *Ætna Life Insurance Co.* v. *Carroll*, supra.

4. Under the evidence and the application of the above stated principles of law, the single director of the Industrial Board and the full board were authorized to find that the deceased employee's death was proximately caused by his wilful misconduct in operating an automobile while intoxicated, in violation of Code, § 68-307, which act is made a misdemeanor under Code, § 68-9908, and in operating the automobile in excess of 55 miles an hour upon a public street, in violation of § 2 of the act of 1939 (Ga. L. 1939, pp. 295, 296), which act is made a misdemeanor under § 9 of the said act, and to render the award denying compensation to the dependent claimant. Accordingly, the superior court did not err, on appeal, in affirming the award of the Industrial Board. *Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 22, 1941.

*Fraser & Irwin,* for plaintiff.

*James C. Howard Jr., Herman Talmadge, T. Elton Drake,* for defendant.