## 34057.   REID *v.* RAPER.

Decided May 21, 1952—Rehearing denied June 4, 1952.

*O. C. Hancock, D. W. Rolader,* for plaintiff in error.

*Harry E. Monroe,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code § 114-105 provides as follows: "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute, or the wilful breach of any rule or regulation adopted by the employer and approved by the Department of Industrial Relations, and brought to the knowledge of the employee prior to the accident. The burden of proof shall be upon him who claims an exemption or forfeiture under this section."

The employer here contends that the claimant is not entitled to compensation because the accident proximately resulted from his own wilful misconduct in failing to perform a duty authorized by statute, that duty being a violation of subsections (c) and (d) of Code § 68-303 as follows: "c. An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference. d. An operator of a vehicle overtaking another vehicle going in the same direction and desiring to pass the same, shall pass to the left of the vehicle overtaken: Provided, that the way ahead is clear of approaching traffic, but if the way is not clear he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving: Provided, further, that no operator shall pass a vehicle from the rear at the top of a hill or on a curve where the view ahead is in any way obscured or while the vehicle is crossing an intersecting highway. An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle."

It is also contended that the defendant violated an ordinance of the City of Atlanta but, as no ordinance was introduced in evidence, this will not be considered by this court, ordinances not being a subject of judicial cognizance. *Western & A. R.* v. *Peterson,* 168 *Ga.* 259 (147 S. E. 513); *Irwin* v. *Torbert,* 204 *Ga.* 111 (49 S. E. 2d, 70). The defendant admitted that at the time of the collision he was on the left side of the street and admitted that he had pleaded guilty in traffic court to a charge of driving on the wrong side of the street. He was on the left side, according to the undisputed evidence, for the sole purpose of passing a truck which was proceeding up the street at a speed of not more than 10 or 15 miles an hour, and had almost gotten past the truck when the collision occurred. Under the provisions of Code § 68-303, supra, he had a right to be on the left side of the street for this purpose, providing the way ahead was clear. According to his testimony he thought that it was clear, and did not see the lights of any oncoming car at the time he started around the truck. It further appears that there was a bend in the street about a block beyond the point of collision; that the oncoming car was moving rapidly; and that the claimant's truck, as well as the one he was passing, was proceeding at a very slow speed. From all of this evidence the director would have been authorized to find that as the claimant began to pass the truck the way ahead of him appeared to be clear and that, because of the combination of circumstances, the claimant miscalculated the amount of time and space necessary to go around the truck and for that reason sustained the injuries. One who is himself obeying the law is not required to foresee that others will violate it; it may have been that had the oncoming car been proceeding no faster than the claimant the injuries might not have occurred. The claimant would not be violating any law in passing the truck so long as the way ahead was clear. He testified that, at the time he overtook the other vehicle, one could see about a block ahead, and that he did not see the approaching vehicle. The claimant was doubtless negligent, but it is wilful misconduct, not negligence, which is a bar to compensation. In *Aetna Life Ins. Co.* v. *Carroll,* 169 *Ga.* 333, 341 (150 S. E. 208) it is held as follows: "The general rule is that the mere violations of instructions, orders, rules, ordinances,

and statutes . . do not, without more, as a matter of law, constitute wilful misconduct; and where the misconduct consists of a failure or refusal to perform a duty required by statute, a bare failure or refusal, without more, does not constitute a wilful failure or refusal to perform such duty. This is so for the reason that such violations generally constitute negligence, and that mere negligence does not constitute wilful misconduct, and will not defeat recovery of compensation by the employee or his dependents. . . Wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, obedience to which is not discretionary, as distinguished from inadvertent, unconscious or involuntary violations." The case further holds that "while generally the mere violation of a statute is negligence, if such statute is a penal statute, and its violation is a crime, the transaction loses its character of negligence and becomes wilful misconduct within the meaning of our compensation act." However, as has been shown, the act of the claimant here was not necessarily an illegal act in its inception, but merely a negligent one; it might have been the combination of the slow speed of the claimant's truck combined with the speed of the approaching car and the position of the curve a block ahead which resulted in the collision, and not simply the infraction of a penal statute. Under the facts in the *Aetna* case it appeared that the employee was operating an automobile at a rapid and dangerous rate of speed as he approached a railroad crossing. The statute at that time required a motorist to reduce his speed to 10 miles per hour. It appeared that the crossing was in plain view of the motorist as he approached. Based on these facts the Board of Workmen's Compensation found that the employee was guilty of such wilful misconduct as would defeat the recovery of compensation. The Supreme Court, reversing this court, held that finding to be authorized. Here, however, the claimant was operating his automobile at a careful and prudent rate of speed not in violation of any law and at a place on the street where he was lawfully authorized to be, provided the way ahead was clear. The undisputed evidence shows that he thought the way ahead was clear. Under these facts the Board of Workmen's Compensation held that the claimant was not guilty of such wilful misconduct as would bar recovery, and this finding is authorized.

In a similar case, Day *v.* Gold Star Dairy, 307 Mich. 383 (12 N. W. 2d, 5), it was held as follows: "In the instant case, while plaintiff might have been guilty of a high degree of negligence in trying to pass another car on a wet pavement while going over a hill, I do not believe that it follows ipso facto that his conduct was wilful and intentional. The question was one of fact for the Department of Labor and Industry."

While the *Aetna* case, supra, holds in substance that if the statute which is violated is penal the transaction loses its character of negligence and becomes wilful misconduct within the meaning of the compensation act, the same case also holds in substance that inadvertent violations of statutes do not without more as a matter of law constitute wilful misconduct since wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, obedience to which is not discretionary as distinguished from inadvertent, unconscious or involuntary violations. The violation here was such as to authorize the board to find that it amounted to a mere miscalculation or failure to see an approaching automobile at a time when the claimant was driving in a careful and prudent manner and at a place where he was lawfully authorized to operate his automobile, provided the way ahead was clear, as the evidence authorized the board to find he thought it to be.

In *Gooseby* v. *Pinson Tire Co.*, 65 *Ga. App.* 837 (16 S. E. 2d, 767), cited by the plaintiff in error, the Board of Workmen's Compensation, as in the *Aetna* case, found against the claimant that the statutory violation constituted wilful misconduct, which ruling was affirmed on appeal. In *Hall* v. *Kendall*, 81 *Ga. App.* 592 (59 S. E. 2d, 421), the award of the board granting compensation was reversed, the majority opinion holding (two judges dissenting) that the undisputed evidence showed a flagrant and intentional violation of law. This case was properly distinguished by the judge of the superior court in his order affirming the award.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*