36616.   FEDERAL INSURANCE COMPANY *et al. v.* CORAM.

DECIDED APRIL 8, 1957—REHEARING DENIED APRIL 25, 1957.

*Forester & Calhoun, Marcus B. Calhoun,* for plaintiffs in error.
*B. B. Earle, Jr.,* contra.

FELTON, C. J. The finding that the accident arose out of and in the course of employment was authorized. The parking facil-

ities were furnished by the employer for the use of the claimant employee and were furnished as an incident of employment. Where an employer furnishes an employee parking facilities on the employer's premises, it is, of course, necessary for the employee, before he can commence his actual employment duties, to park his automobile and walk from that portion of the employer's premises to that other portion of the premises where he performs his actual employment duties. We think this situation is analogous to one where the employee first reports to one part of the employer's premises for instructions, assignment, clock punching, drawing tools, etc. and then must proceed to another portion of the premises to begin his actual duties. See *Employers Ins. Co. of Alabama* v. *Bass,* 81 *Ga. App.* 306 (58 S. E. 2d 516). The "rest period" and "lunch hour" cases are not applicable here. The reasoning behind such cases is that during a rest period or lunch hour, an employee is spending such time for his personal benefit and pleasure. In the instant case it cannot be said that in proceeding from that portion of the premises where she parked, to her immediate work area and in returning therefrom, the claimant was on a purely personal mission. We think that going to and from the parking lot in order to reach and leave her immediate working area was a necessary incident to the claimant's employment. See *Travelers Ins. Co.* v. *Smith,* 91 *Ga. App.* 305 (85 S. E. 2d 484). We are well aware of the cases which hold that while an employee is traveling to and from the employer's premises in transportation furnished solely by the employee and over a route chosen solely by the employee, he is not in the course of his employment and an accident occurring during such time is not a compensable one. However, those cases are clearly not applicable here because the claimant here had not yet departed from the employer's premises and started traveling a route of her choosing wholly disconnected with her employment. While this particular set of facts presents a case of first impression in this State, we think the question of law involved has been well established and followed in most jurisdictions. See 58 Am. Jur. 726, Workmen's Compensation, § 221; 49 A.L.R. 425; 82 A.L.R. 1043. For two "parking lot" cases, see Murphy *v.* Miettinen, 317 Mass. 633 (59 N. E. 2d 252) and Rogers's Case, 318 Mass. 308 (61 N. E. 2d 341).

The majority opinion in *Gay* v. *Aetna Casualty & Surety Co.,* 72 *Ga. App.* 122 (33 S. E. 2d 109) is disapproved and the dissent in that case is approved as being the law in this State.

The fact that the claimant left the walk and "cut across" the hospital grounds to reach the parking area or the fact that she may have been negligent, does not prevent the accident from being one arising out of and in the course of her employment.

The court did not err in affirming the award.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*