36834.   THE BORDEN COMPANY *et al. v.* DOLLAR.

D<small>ECIDED</small> O<small>CTOBER</small> 9, 1957.

490

*Richard D. Carr, Smith, Field, Doremus & Ringel, H. A. Stephens, Jr.*, for plaintiff in error.

*B. C. Gardner, Jr., Burt & Burt, Smith, Gardner & Kelley*, contra.

TOWNSEND, J. Where it affirmatively appears from the award in a workmen's compensation proceeding that it is based upon an erroneous legal theory, the case should be remanded to the board for further findings. *Wilson* v. *Swift & Co.*, 68 *Ga. App.* 701 (23 S. E. 2d 261). The award of the single director in this case appears to have been based on the erroneous legal theory that when a claimant in a workmen's compensation case is shown to have been injured while driving his automobile at a greater speed than that allowed by law he is as a matter of law and under all circumstances precluded from recovery. That this is erroneous, see *Reid* v. *Raper*, 86 *Ga. App.* 277 (1) (71 S. E. 2d 735). On the other hand, the full board seems from the above quoted portion of the award to have been of the opinion that, since the question before it was whether the claimant was guilty of a crime, it was necessary for the employer to assume the burden of proving *beyond a reasonable doubt* that it was the intention of the claimant to commit the crime. This also is erroneous, for, under Code § 38-105, "In all civil cases the preponderance of evidence is considered sufficient to produce mental conviction." Accordingly the case must be reversed and remanded to the full board for the sole purpose of making a finding of fact by a preponderance of the evidence and the entry of an award, without taking additional testimony. The claimant is entitled to recover unless the employer has convinced the full

board by a *preponderance of the evidence* that the claimant's injuries and disability proximately resulted from his own wilful misconduct in the commission of the unlawful act of intentionally operating his automobile at a greatly accelerated rate of speed. Under Code § 114-105 the burden of proof is on, the employer to establish this defense. Under Code § 38-105, supra, this burden need be carried only by a preponderance of the evidence. The judge of the superior court erred in affirming the award of the full board.

*Judgment reversed and remanded with direction. Carlisle, J., concurs. Quillian, J., concurs specially. Gardner, P. J., disqualified.*

QUILLIAN, J., concurring specially. I concur in the majority opinion. However, since the case is to be reconsidered by the compensation board and decided on the evidence adduced on the former hearing before that body, and one of the contentions of the employer is that there was not sufficient competent evidence in the record to support the award, it is well to specially point out that the case is not reversed for that reason.