37332.   UNITED STATES CASUALTY COMPANY *et al. v.* RUSSELL.

DECIDED SEPTEMBER 18, 1958.

182

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, B. Carl Buice*, for plaintiffs in error.

*Smith, Field, Doremus & Ringel, Richard D. Carr, Charles L. Drew*, contra.

TOWNSEND, Judge. It has been well established that "the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises." *Federal Ins. Co. v. Coram*, 95 *Ga. App.* 622, 625 (98 S. E. 2d 214). See also *Maryland Cas. Co. v. Sanders*, 49 *Ga. App.* 600(2) (176 S. E. 104); *Employers Ins. Co. of Ala. v. Bass*, 81 *Ga. App.* 306 (58 S. E. 2d 516); *General Accident &c. Corp. v. Worley*, 86 *Ga. App.* 794 (72 S. E. 2d 560);

*Travelers Ins. Co.* v. *Smith*, 91 *Ga. App.* 305, 311 (85 S. E. 2d 484). These are all cases in which an award in favor of a claimant by the Board of Workmen's Compensation was affirmed by this court on the theory that the facts of each case were such as to authorize a finding that the elapsed time between the arrival of the injured claimant on his employer's premises and the time when he was to commence remunerative labor was such as to justify a conclusion of reasonableness. We are now faced with the converse of the question: where an employee comes from some unascertained distance necessitating the use of an automobile by him for transportation to premises of his employer covering a large area and, in accordance with customary procedure, enters the premises through a gate, parks in a parking lot or adjacent thereto under directions of company employees, and proceeds up the only available route provided by his employer, where he must travel between three-tenths and a half mile on foot, enter one building, receive identification, go to another building and report to work, is a 30-minute interval between the time of entering the premises and the time of reporting for work so unreasonable as to justify a finding on the part of the director denying compensation? That the hearing director failed to take into account the fact that the claimant was on the premises of the employer engaged in an activity under provisions made by his employer is evinced by a statement in the award as follows: "The general rule is that an employee injured while going to or from his place of work is not in the course of his employment." The words "in the course of" applied in accordance with the liberal interpretation of the act mean not only that time for which the employee is drawing an hourly wage, but that reasonable time which, after reaching the premises, is necessary in order to get into position to commence the remunerative activities at the proper time. Where the distances involved are greater, the ability to judge the time needed to traverse them is necessarily less. The hearing director in this case was obviously applying a rule of law without regard to the fact that the employee had entered the premises where his work was to begin, and therefore without regard to the reasonableness of the time between such entry and the commencement of the work day. Since there is no dispute in the facts,

only a question of law is presented here, and we hold that under these circumstances 30 minutes is not an unreasonable time in advance of the work period for the claimant to have entered the employer's premises. In so holding, we find ourselves in accord with the interpretation of the words "arising out of and in the course of" applied by a majority of the States having similar laws, to the effect that generally, an employee who is injured on premises of the employer in going to or from work is within the course of his employment and is entitled to compensation. See Tynan v. Ellingwood (N.Y.) 122 N.Y.S. 2d 768; Hughes v. Amer. Brass Co., 141 Conn. 231 (104 Atl. 2d 896); Wallace v. Copiah County Lumber Co., 223 Miss. 90 (77 So. 2d 316); Fid. & Cas. Co. of N.Y. v. Kennard, 162 Neb. 220 (75 N.W. 2d 553); Peterson v. Moran, 111 Cal. App. 2d 766 (245 Pac. 2d 540); Kauffman v. Co-Operative Refinery Assn. of Coffeyville, 170 Kan. 325 (225 Pac. 2d 129); Nelson Elec. Mfg. Co. v. Shatwell, 203 Okla. 417 (222 Pac. 2d 750); Smith v. Ind. Acc. Comm., 18 Cal. 2d 843 (118 Pac. 2d 6); Murphy v. Wells-Lamont-Smith Corp. (Mo. App.) 155 S.W. 2d 284; Gallienne v. Becker Bros. Shoe Co., 88 N.H. 375 (190 Atl. 274); Spellman v. Ind. Comm. of Ohio, 73 Ohio App. 369 (51 N. E. 2d 414); Eargle v. S. C. Elec. & Gas Co., 205 S.C. 423 (32 S. E. 2d 240). For similar cases involving accidents to employees going from or returning to company-supplied parking facilities on the premises see Kwapich v. Aluminum Co. of America, 125 N.Y.S. 2d 673; U. S. Steel Co. v. Isbell (Ky.) 275 S.W. 2d 917; Kowcun v. Bybee, 182 Ore. 271 (186 Pac. 2d 790); Rogers's Case, 318 Mass. 308 (61 N.E. 2d 341); Dewar v. Gen. Motors Corp., Linden Div., 19 N.J. Misc. 297 (19 Atl. 2d 194); Pantolo v. Lane, 185 Misc. 221 (56 N.Y.S. 2d 227); E. I. DuPont de Nemours & Co. v. Redding, 194 Okla. 52 (147 Pac. 2d 166).

It follows that if the view we take is correct and the injury arose "in the course of" the employment, it also necessarily arose "out of" it, since it "was such an occurrence as might have been reasonably contemplated by the employer as a risk naturally incident to the nature of the employment, or at least was such an injury as, after the event, might be seen to have had its origin in a risk connected with the business of the employment." *Keen*

v. *New Amsterdam Cas. Co.*, 34 *Ga. App.* 257 (2) (129 S. E. 174). This ruling is not affected by the undisputed fact that on the day in question the employee did not have a duty to arrive early to sign for ice tickets, and that his actual injury arose when he crossed over to the other side of the access road down which he was proceeding toward his work station in answer to a hail from the driver of the ice truck. Had this incident had any probative value as showing that the employee was deviating from his route on a personal mission, the decision would be otherwise, but all of the testimony shows that the claimant and the driver had had no dealings or conversation with each other except in the course of the company business, and that this conversation, had it taken place, would have been in regard to that business. Accordingly, while this incident does not help the claimant's case, neither does it prejudice it in any way.

The judge of the superior court did not err in reversing the award of the hearing director and remanding the case with direction that a finding be made as to disability and a proper award of compensation entered.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*