39826.   PACIFIC INDEMNITY INSURANCE COMPANY
v. EBERHARDT.

Decided January 23, 1963—Rehearing denied
February 5 and February 26, 1963.

*Powell, Goldstein, Frazer & Murphy, Earl J. Van Gerpen, Frank Love, Jr.*, for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley, Meade Burns, Jr.*, contra.

JORDAN, Judge. The defendants' appeal in this case is predicated upon two contentions: (1) that the claimant's husband's death did not occur out of and in the course of his employment; and (2) that the claim is barred by the provisions of *Code* § 114-105, since the evidence demanded the finding that the death of the claimant's husband was caused by intoxication and by his wilful failure to perform a duty required by a statute.

■ Under the decision of this court in *Federal Ins. Co. v. Coram*, 95 Ga. App. 622 (98 SE2d 214) there is no merit in the defendants' contention that a finding was demanded that the death of the claimant's husband did not occur out of and in the course of his employment. In that case it was held that, where parking facilities are furnished by an employer for the use of his employees, going to and from said parking facilities by the employees in order to reach their immediate working area is a necessary incident to their employment and where an employee is injured while proceeding to or from said parking area to his immediate working area, a finding is authorized that such injury arose out of and in the course of his employment. The evidence in this case which disclosed that the claimant's husband's accident occurred shortly before eight o'clock on the morning of September 16, 1961, while he was proceeding from parking facilities furnished by his employer to the immediate working area of his employment where he was to punch a time clock at eight o'clock, and begin the performance of the duties of his employment, was sufficient to authorize a finding that said accident occurred out of and in the course of his employment. The

fact that the parking facilities provided by the employer in this case were not located on the immediate premises of the employer but were located on a parking lot separated from the employer's business by a public street does not distinguish this case from the *Coram* case. See Larson's Workmen's Compensation Law, § 15.14, p. 199, and cases cited therein.

■ Under the mandate of *Code* § 114-105, workmen's compensation shall not be allowed for an injury or death due to the employee's wilful misconduct or due to intoxication or wilful failure or refusal by the employee to perform a duty required by statute. In construing this statute it has been held that as a general rule the mere violation of instructions, orders, rules, ordinances, and statutes and the doing of hazardous acts where the danger is obvious, do not without more as a matter of law constitute wilful misconduct, and where the misconduct consists of a failure or refusal to perform a duty required by statute, a bare failure or refusal without more does not constitute a wilful failure or refusal to perform such duty. *Armour & Co. v. Little*, 83 Ga. App. 762 (64 SE2d 707). Under the ruling of the Supreme Court in *Aetna Life Ins. Co. v. Carroll*, 169 Ga. 333 (150 SE 208), however, the wilful and conscious doing of an act which is in violation of a penal statute constitutes wilful misconduct and when the violation of such penal statute by the employee is the proximate cause of his injury or death, compensation is barred under the provisions of *Code* § 114-105.

The evidence in this case disclosed that the claimant's husband at the time of his accident was walking across a public street at a point approximately 60 feet from the nearest intersection, and not within the bounds of a marked crosswalk, and authorized the finding that he had failed to yield the right of way to a motor vehicle upon the roadway in violation of *Code Ann.* § 68-1657a, which act constitutes a misdemeanor offense under *Code Ann.* § 68-9926. It was therefore the duty of the workmen's compensation board to consider said evidence and to determine if the claimant's husband was in the performance of such unlawful act at the time of said accident, and if so, whether or not the same was the proximate cause of his injury and death so as to bar the recovery of compensation under the provisions

of *Code* § 114-105. An examination of the award by the deputy director in this case, whose findings of fact were adopted by the full board on appeal, conclusively shows, however, that the fact of whether the claimant's husband was in the commission of an unlawful act at the time of his accident was not considered and no determination was made as to whether such violation by him of the above Code section was the proximate cause of his injuries.

The failure of the board to give determination to this issue was apparently, as appears from the award of the deputy director, based on the erroneous legal theory that an employee must have a specific intent of causing injury to himself in order to forfeit his claim to workmen's compensation under *Code* § 114-105, for it is stated in the award of the deputy director that: "Although a traffic light which would have guided him across in safety, was only about 60 feet away, it would be ridiculous to say the man crossed at a mid-street point for the purpose of getting himself killed. The fact of whether deceased was in the commission of an unlawful act was not in evidence, and therefore not considered."

As stated by the Supreme Court in the *Carroll* case, at page 343: "The test of misconduct in the case at bar is not the doing of an act for the purpose of and with a specific intent of violating the statute, but the wilful and conscious doing of the act which is in violation of the statute. To require of the employer to show that the employee thought of the statute and deliberated as to its breach would take away the defense of this wilful violation, and would unduly limit the scope or definition of wilful misconduct. . . We have shown above that wilful misconduct involves conduct of a quasi-criminal nature. This being so, then criminal conduct is wilful misconduct. If conduct ever becomes misconduct, and if misconduct ever becomes wilful misconduct, it is when an employee intentionally commits a crime which results in his injury or death. So we are of the opinion that the commission of a crime is wilful misconduct within the meaning of our statute; and that the employer should not be required to make compensation for his injury, or death, due to his violation of a criminal statute, such violation being the

proximate cause of his injury or death. While generally the mere violation of a statute is negligence, if such statute is a penal statute, and its violation is a crime, the transaction loses its character of negligence, and becomes wilful misconduct within the meaning of our compensation act." The statute (Ga. L. 1921, pp. 255, 256) involved in the *Carroll* case (a 1929 decision) provided that the operator of a motor vehicle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a speed greater than ten miles per hour, while approaching or traversing an intersecting highway, railroad crossing, and other enumerated road hazards. See *Hall v. Kendall,* 81 Ga. App. 592 (59 SE2d 421) in which the *Carroll* case was applied and followed by this court.

The evidence in this case was in conflict as to whether the injuries sustained by the claimant's husband were caused by his alleged intoxication on the morning of the accident and there being some evidence to sustain the finding of the hearing director that said injuries were not caused by intoxication, the findings of the board in this regard cannot be disturbed. *Herman v. Aetna Cas. &c. Co.,* 71 Ga. App. 464, 466 (31 SE2d 100). Under the record in this case, however, it was the duty of the board to determine whether or not the claimant's husband was violating the provisions of *Code Ann.* § 68-1657a, and if so, whether the same was the proximate cause of his death and since it affirmatively appears that the board has not made such determination, the case must be remanded to the board for further findings. See *Cook v. Georgia Dept. of Revenue,* 100 Ga. App. 172 (110 SE2d 552); *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905), and cases therein cited.

*Judgment reversed and remanded with direction. Nichols, P. J., and Frankum, J., concur.*