40834. YOUNG v. AMERICAN INSURANCE COMPANY et al.

Nichols, Presiding Judge. 1. In hearing an appeal *de novo* from an award by a deputy director the State Board of

Workmen's Compensation has a discretion as to whether it will hear additional testimony or pass anew upon the evidence introduced before the deputy director. *Code Ann.* § 114-708; *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (99 SE2d 89); *American Cas. Co. v. Wilson,* 99 Ga. App. 219 (108 SE2d 137).

2. Where an employer defends a workmen's compensation claim on the ground that the employee's injury or death was caused by his own wilful misconduct or intoxication the burden of proving such contention is on the employer. *Code* § 114-105; *Shiplett v. Moran,* 58 Ga. App. 854 (2) (200 SE 449); *General Acc. Fire &c. Corp. v. Prescott,* 80 Ga. App. 421 (2) (56 SE2d 137).

3. "Under the ruling of the Supreme Court in *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (150 SE 208) . . . the wilful and conscious doing of an act which is in violation of a penal statute constitutes wilful misconduct and when the violation of such penal statute by the employee is the proximate cause of his injury or death, compensation is barred under the provisions of *Code* § 114-105." *Pacific Indem. Ins. Co. v. Eberhardt,* 107 Ga. App. 391, 393 (130 SE2d 136).

4. The Act of 1963 (Ga. L. 1963, p. 26), amending section 48 of the "Uniform Act Regulating Traffic on Highways", (Ga. L. 1953, Nov.-Dec. Sess., p. 556), sets the maximum speed for passenger vehicles on highways which comprise a part of the national system of interstate and defense highways at 70 miles per hour from one-half hour before sunrise until one-half hour after sunset; and section 23 of the 1953 Act, supra, makes it a misdemeanor to violate the speed limitation referred to in section 48 of such Act as amended.

5. Where, as in the present case, the claimant was injured as a result of the overturning of a vehicle being operated by him, and the sole evidence as to speed was that he was operating the automobile at a speed of approximately 100 miles per hour on an "interstate and defense highway" after he was requested to slow down by a fellow employee who was riding in the automobile, the award of the State Board of Workmen's Compensation denying compensation because of the provisions of *Code* § 114-105, supra, as to wilful misconduct was authorized, and the superior court did not err in affirming such award.

*Judgment affirmed. Hall and Russell, JJ., concur.*

Decided September 17, 1964.

*D. B. Phillips,* for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, Williston C. White,* contra.