41154. SMITH et al. v. LIBERTY MUTUAL INSURANCE COMPANY et al.

ARGUED FEBRUARY 3, 1965—DECIDED APRIL 13, 1965—
REHEARING DENIED APRIL 29, 1965.

*R. Beverly Irwin, Jack M. Smith,* for plaintiffs in error.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.

HALL, Judge. ■ Under Federal law, it is unlawful for a common carrier to engage in any interstate operation on a public highway "unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations. . ." 49 U.S.C.A. § 306. The certificate specifies the routes over which the common carrier is authorized to operate and no carrier may deviate from the specified route except "under such general or special rules and regulations as the Commission may prescribe." 49 U.S.C.A. § 308. "Any person knowingly and willfully violating" this provision is subject to criminal prosecution. 49 U.S.C.A. § 322; United States v. Schupper Motor Lines, Inc., 77 FSupp. 737.

The defendants contend that, even though the deceased was operating the truck for the purpose of delivering the cargo to its intended destination at the time of the accident, he was in the position of a stranger to his employer or a trespasser on the truck by virtue of the fact that he was in violation of a Federal statute in not traveling the exact route approved by the Inter-

618

state Commerce Commission. They rely upon the case of *Jones v. City of Pembroke*, 220 Ga. 213 (138 SE2d 276). In that case the Supreme Court held as a matter of law that a municipal officer, when killed while making arrests beyond the corporate boundary, was outside the scope of his employment by virtue of a statute that limited the scope of employment for a municipal officer in making arrests to within the corporate limits. In the *Jones* case, it was impossible for the employee to pursue his employer's business outside the corporate limits of the municipality. Here it cannot realistically be said as a matter of law that the deceased, by using a prohibited alternate route, was not pursuing his employer's business at the time of the accident. "He was doing the very job for which he was employed, namely, driving the tractor-trailer for the purpose of delivering the cargo to the intended destination." White v. Morris, 182 Pa. Super. 454 (127 A2d 748). While the taking of the prohibited alternate route for a portion of the trip may have had the incidental purpose of contributing to his own personal comfort, "Such purpose does not constitute a deviation from the object of his mission." Wesley v. Lea, 252 N.C. 540 (114 SE2d 350).

There is a distinction between prohibitions defining the *ultimate work* to be done by the claimant and prohibitions relating to the *method* of accomplishing that ultimate work. "For example, an employer may prohibit lounging and smoking in corridor A, and injuries from such smoking will be outside the course of employment. But if he gives claimant a message to deliver, telling him not to go down corridor A, although it is a possible route, the prohibition cannot realistically be said to place the messenger outside the scope of employment while in corridor A, since, violation or no violation, he is in fact forwarding his commanded job while there." 1 Larson 459, § 31.12.

The violation of the Federal statute (49 U.S.C.A. § 322), by failing to follow the specified route for the entire trip between Atlanta, Ga., and Asheville, N. C., would not as a matter of law place the deceased outside the scope of his employment.

■ The defendant further contends that an award was demanded under the principle that if the employee is not where he may reasonably be expected to be, there is no presumption that his death arose out of and in the course of his employment,

citing *Ladson Motor Co. v. Croft*, 212 Ga. 275 (92 SE2d 103). The necessity of a presumption or inference arises only in those cases where an employee's death is unexplained. 1 Larson 108, § 10.32. Accord *Standard Acc. Ins. Co. v. Kiker*, 45 Ga. App. 706 (165 SE 850). In the present case, it is undisputed that the death was the result of an accident upon the highway while the deceased was operating the tractor trailer en route to its ordered destination. Therefore, no inference or presumption is necessary to support a finding that the death arose out of and in the course of the employment.

■ *Code* § 114-105 provides that "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct . . . or growing out of his . . . wilful failure or refusal to . . . perform a duty required by statute." While the majority of jurisdictions hold that the simple violation of criminal statutes, such as speed or stop laws, does not amount to wilful misconduct (1 Larson 500, § 35.30), it is the law of Georgia that the violation of a penal statute is "wilful misconduct within the meaning of our compensation act." *Aetna Life Ins. Co. v. Carroll*, 169 Ga. 333 (150 SE 208); *Hall v. Kendall*, 81 Ga. App. 592 (59 SE2d 421); *Pacific Indemnity Ins. Co. v. Eberhardt*, 107 Ga. App. 391 (130 SE2d 136). However, the violation must be the proximate cause of the injury or death, and the burden is on the one who claims an exemption or forfeiture under *Code* § 114-105. *Fidelity & Cas. Co. v. Hodges*, 108 Ga. App. 474 (2) (133 SE2d 406); *Klein v. Maryland Cas. Co.*, 79 Ga. App. 560, 562 (54 SE2d 277).

While the board found that the deceased violated his employer's instructions and that this violation was not the proximate cause of the accident and death, it made no determination as to the violation of the Federal criminal statute (49 U.S.C.A. § 322) or whether such a violation was the cause of the accident and death. Therefore, the case must be remanded to the board for further findings. See *Pacific Indemnity Ins. Co. v. Eberhardt*, 107 Ga. App. 391, supra.

*Judgment affirmed and remanded with direction. Bell, P. J., and Frankum, J., concur.*