## 50524. LIBERTY MUTUAL INSURANCE COMPANY et al. v. BRAY.

STOLZ, Judge.

In this workmen's compensation case, the deputy director and full board denied compensation. On appeal to the Superior Court of Stephens County, the case was reversed, resulting in this appeal.

The deputy director made the following finding of fact: "a. That on November 3, 1972, the claimant was working for the employer as a spray painter at an average weekly wage of $229.63. b. That while proceeding across a public highway at about 12:30 a. m., on November 3, 1972, in order to get from the area on the premises of his employer where he normally worked to an area across the

public highway to a parking lot provided by the employer where his vehicle was parked, he was struck by a vehicle proceeding in a westerly or southwesterly direction at a legal rate of speed and in the proper lane, and that as a result of this impact he sustained totally disabling injuries to both legs and his head. c. That he intentionally selected this point of crossing the highway with full knowledge that some 300 feet to his left or to the east there was a pedestrian crossing with traffic light controls. d. That in attempting to cross the public highway at the point intentionally selected he failed to observe and yield the right-of-way to the vehicle which struck him. e. That the above-described accident, having occurred while the claimant was en route to his vehicle parked on the premises of the employer, was an accident arising out of and in the course of his employment, proximately caused by the failure of the claimant to perform a duty required by statute, the violation of which is punishable as a misdemeanor." The uncontroverted evidence supports these findings of fact, particularly findings (c) and (d).

Former Code Ann. § 68-1657 (a) (Ga. L. 1953, Nov. Sess., pp. 556, 592; 1967, pp. 542, 543) provided: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway: Provided, however, that this section shall not apply to roadways in areas where there are no crosswalks nor intersections at which pedestrians may cross the roadway, but that on such roadways in such areas pedestrians crossing the roadway shall have equal rights with vehicles on the roadway."

The superior court erroneously held that this Code section does not apply in the unincorporated areas of a county unless there is specific evidence to show that the State Highway Board or the county had established an ordinance; or otherwise, that pedestrians could only cross this highway at the plant intersection light. This view completely ignores the provisions of Code Ann. § 68-1610 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 569), to wit: "The disregard or disobeyance of the instructions of any official traffic-control device or signal, placed in accordance with the provisions of this law, by the driver of a vehicle, shall

be deemed as prima facie evidence of a violation of law, without requiring proof of who and by what authority such sign or device has been erected."

The fact that the claimant was a pedestrian and not the driver of a vehicle at the time of his injury, does not diminish the applicability of § 68-1610 (c), supra, in reference to the traffic control device (light) referred to in the evidence and the deputy director's finding of fact.

The provision of former Code Ann. § 68-1657 (a), supra, that, "this section shall not apply to roadways in areas where there are no crosswalks nor intersections at which pedestrians may cross the roadway . . ." in no way takes the claimant out from under the general provisions of § 68-1657 (a), supra. The evidence showed that there was a pedestrian crossing with traffic light controls approximately 300 feet from the place where claimant "jaywalked" across the highway.

"No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute, or the wilful breach of any rule or regulation adopted by the employer and approved by the State Board of Workmen's Compensation, and brought to the knowledge of the employee prior to the accident. The burden of proof shall be upon him who claims an exemption or forfeiture under this section." Code § 114-105.

"Misconduct is improper or wrong conduct. When improper or wrong conduct is intentionally or deliberately done, it becomes wilful misconduct. It is true that wilful misconduct means something different from and more than negligence. Wilful misconduct by an employee, preventing recovery of compensation, involves an intentional, deliberate action, with a reckless disregard of consequences, either to himself or another, something less than self infliction of injury, but greater than gross negligence or wanton carelessness. Wilful misconduct is much more than mere negligence, or even than gross negligence. It involves conduct of a quasi-criminal nature, the intentional doing of something

either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences. [Cits.] Wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, obedience to which is not discretionary, as distinguished from inadvertent, unconscious, or involuntary violations. [Cit.] The conscious and intentional violation of a penal statute, which constitutes wilful misconduct of the employee, is the conscious or intentional doing of an act which violates the statute, though he be not thinking of breaking it. [Cit.] The test of misconduct in the case at bar is not the doing of an act for the purpose of and with a specific intent of violating the statute but the wilful and conscious doing of the act which is in violation of the statute. To require of the employer to show that the employee thought of the statute and deliberated as to its breach would take away the defense of this wilful violation, and would unduly limit the scope or definition of wilful misconduct. [Cits.] We have shown above that wilful misconduct involves conduct of a quasi-criminal nature. This being so, *then criminal conduct is wilful misconduct.* If conduct ever becomes misconduct, and if misconduct ever becomes wilful misconduct, it is when an employee intentionally commits a crime which results in his injury or death. So we are of the opinion that the commission of a crime is wilful misconduct within the meaning of our statute; and that the employer should not be required to make compensation for his injury, or death, due to his violation of a criminal statute, such violation being the proximate cause of his injury or death." (Emphasis supplied.) *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333, 342 (150 SE 208) and cits.

The *Carroll* rule, supra, was made applicable in a "jaywalking" case by this court in *Pacific Indem. Ins. Co. v. Eberhardt,* 107 Ga. App. 391 (130 SE2d 136), in an opinion by Judge (now Justice) Jordan, concurred in by Presiding Judge (now Chief Justice) Nichols and Judge (later Justice) Frankum.

The case is controlled adversely to the claimant by the foregoing authorities.

The judgment of the Superior Court of Stephens

County is reversed, with direction that the award of the State Board of Workmen's Compensation be made the judgment of that court.

*Judgment reversed with direction. Bell, C. J., Pannell, P. J., Deen, P. J., and Marshall, J., concur. Quillian, Evans, Clark and Webb, JJ., dissent.*

ARGUED APRIL 9, 1975 — DECIDED OCTOBER 30, 1975 — REHEARING DENIED NOVEMBER 18, 1975.

*Erwin, Epting, Gibson & McLeod, E. Davison Burch,* for appellants.

*Robert M. Ray,* for appellee.

QUILLIAN, Judge, dissenting.

We are confronted in this case with the issue as to whether a mere traffic violation constitutes wilful misconduct within the purview of Code § 114-105. Although several cases have addressed themselves to this broad point, some variance obtains. Compare *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (150 SE 208); *Gooseby v. Pinson Tire Co.,* 65 Ga. App. 837 (16 SE2d 767); *Hall v. Kendall,* 81 Ga. App. 592, 595 (59 SE2d 421); *Pacific Indem. Ins. Co. v. Eberhardt,* 107 Ga. App. 391, 393 (130 SE2d 136); *Smith v. Liberty Mut. Ins. Co.,* 111 Ga. App. 616, 619 (142 SE2d 459), with *Reid v. Raper,* 86 Ga. App. 277, 279 (71 SE2d 735); *Argonaut Ins. Co. v. Almon,* 120 Ga. App. 869, 870 (172 SE2d 624); *Adams v. U. S. F. & G. Co.,* 125 Ga. App. 232, 236 (4) (186 SE2d 784).

In *Young v. American Ins. Co.,* 110 Ga. App. 269, 270 (3) (138 SE2d 385), the principle is stated: " 'Under the ruling of the Supreme Court in *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (150 SE 208) . . . the wilful and conscious doing of an act which is in violation of a penal statute constitutes wilful misconduct and when the violation of such penal statute by the employee is the proximate cause of his injury or death, compensation is barred under the provisions of Code § 114-105.' *Pacific Indem. Ins. Co. v. Eberhardt,* 107 Ga. App. 391, 393 (130 SE2d 136)." However, in *Argonaut Ins. Co. v. Almon,* 120 Ga. App. 869, 870, supra, Chief Judge Bell pointed out:

"*Aetna* plainly held that the statutory bar requires conduct of a criminal or quasi-criminal nature; and that negligent conduct, even though grossly so, does not equate with the former. The reversal in *Aetna* was based solely on the Supreme Court's honoring the fact-finding board's determination that the claimant in that case was also guilty of wilful misconduct." Thus, even though it was argued in the *Argonaut Ins. Co.* case that the claimant had violated 2 statutory provisions imposing misdemeanor punishment, this court upheld the board's finding that the claimant's conduct was negligent only.

*Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333, supra, equates the term wilful misconduct with "intentional, deliberate action with reckless disregard of consequences ... greater than gross negligence or wanton carelessness." In my view the claimant's conduct in this case did not amount to "reckless disregard of consequences."

EVANS, Judge, dissenting.

On November 3, 1972, F. L. Bray was leaving the premises of his employer, and it was necessary to cross a public highway in order to reach the parking lot of his employer where Bray's car was parked. He was struck by a vehicle driven by a fellow employee; and suffered disabling injuries as a result of the impact.

Bray applied for workmen's compensation against his employer and its insurer, Liberty Mutual Insurance Company.

The deputy director recognized the well established rule that an employee is allowed a reasonable time for ingress and egress from his place of work; and that his period of employment usually includes such reasonable time for ingress to and egress from the place of work while he is on the employer's premises (*Federal Ins. Co. v. Coram,* 95 Ga. App. 622, 625 (98 SE2d 214); *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378)), and that an accident of the nature here described is one which may arise out of and in the course of his employment.

Despite this, the deputy director held that the pedestrian violated Code Ann. § 68-1656 (a) which provides that every pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an

unmarked crosswalk at an intersection, shall yield the right of way to the vehicles on the roadway. He further held that claimant, in this instance, was in the performance of an unlawful act in failing to yield the right of way to a vehicle in that he violated Code Ann. § 68-1657 (a); and that the preponderance of the evidence here warranted a finding that the claimant's injuries were proximately caused by his violation of Code Ann. § 68-1657 (a).

The deputy director denied workmen's compensation. The full board affirmed.

The case was appealed to the superior court and that court took judicial notice that the geographical location of the place of the accident in this case was in a rural and unincorporated area of Stephens County, and that the board erroneously determined that the pedestrian claimant was violating Code Ann. § 68-1657 (a), because same did not apply at this location.

Claimant was outside the incorporated city and there was no evidence that he failed to use an available crosswalk at that point. The court also found the mere existence of a traffic control device at some distance down the road (300 feet, T. p. 50), would not bring this case within the purview of Code Ann. § 68-1657 (a); and that as the highway falls within the exception to the statute, the claimant did not violate a penal statute and had "equal rights" with any vehicle thereupon. The court reversed the board's finding that the claimant was guilty of wilful misconduct and its denial of compensation. The insurer/employer appeal.

The majority hold the claimant was "jaywalking" on a roadway in violation of the law and therefore guilty of wilful misconduct so as to deny him workmen's compensation. I dissent.

1. Wilful misconduct includes all conscious or intentional violations of definite laws or rules of conduct as distinguished from inadvertence, unconscious or involuntary violations. *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (1d) (150 SE 208).

2. The insurer contends that where it is shown that the claimant was in violation of the law ("jaywalking") in crossing a public road that he is guilty of wilful

misconduct. *Hall v. Kendall,* 81 Ga. App. 592 (59 SE2d 421); *Young v. American Ins. Co.,* 110 Ga. App. 269, 270 (5) (138 SE2d 385); *Pacific Indem. Ins. Co. v. Eberhardt,* 107 Ga. App. 391 (130 SE2d 136). I cannot agree that claimant was guilty of any crime (misdemeanor).

3. Our courts may take judicial notice of the state highways in this state, and their location, as well as locations of lands in the state surveys, city limits, and county lines. See *Jordan v. State,* 212 Ga. 337, 338 (92 SE2d 528), and citations at page 340; *Moye v. State,* 46 Ga. App. 727 (2) (169 SE 59); *Guess v. Morgan,* 196 Ga. 265, 266 (5) (26 SE2d 424); *Williams v. State,* 96 Ga. App. 833, 834 (101 SE2d 747). Clearly, the court could take judicial notice that the location of defendant's manufacturing plant, shown to be 3 to 3 1/2 miles east of Toccoa in Stephens County on U. S. Highway 123, was in an unincorporated area of Stephens County.

There was no evidence offered to show that the State Highway Board or any local authority (Stephens County) had established by ordinance, or otherwise, that pedestrians could only cross this highway at the plant intersection light. See Code Ann. §§ 68-1610, 68-1611, 68-1613, 68-1614, 68-1655, 68-1656, 68-1657. And as to marked and unmarked crosswalk at the traffic controlled intersection to the plant, Code Ann. § 68-1657 (a) states: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway: Provided, however, that this section shall not apply to roadways in areas where there are no crosswalks nor intersections at which pedestrians may cross the roadway, but that on such roadways in such areas pedestrians crossing the roadway shall have equal rights with vehicles on the roadway." Compare *Argonaut Ins. Co. v. Almon,* 120 Ga. App. 869 (172 SE2d 624).

4. It therefore is a gross injustice for the majority here to hold that the claimant was guilty of wilful misconduct (i.e., trying to commit suicide?), in stepping into the roadway to cross to the parking lot prior to departing his job site. I fully agree with the view of the trial judge, and I would affirm his judgment in reversing

the Board of Workmen's Compensation.

5. The majority at several places refers to a "pedestrian crossing," but we feel it important to point out that the "pedestrian crossing" was not of the character usually known as a "pedestrian crossing."

The only crossing in the vicinity was one where a pedestrian could punch a button and cause the light to change, at the entrance to the parking lot, and this pseudo-crossing was 300 feet (100 yards) from where the injured claimant undertook to cross. (T. pp. 34, 51). This was not in a municipality, and we do not know of any law which describes the foregoing as a "pedestrian crossing," or one which a pedestrian is obligated to use while in the rural part of the county, and at a distance of 100 yards therefrom on penalty of being guilty of a violation of the law.

I am authorized to state that Judges Quillian, Clark and Webb concur in this dissent.