## 50882. HANOVER INSURANCE COMPANY et al. v. ROLLINS.

PANNELL, Presiding Judge.

The State Board of Workmen's Compensation denied compensation to appellee claimant. The superior court remanded the case to the board, directing that it make various clarifications of findings of fact and apply "appropriate Georgia law" thereto. Appellant alleges error in the court's remanding the case and failing to affirm the award of the State Board of Workmen's Compensation.

The evidence showed that the claimant received serious injuries in an automobile collision. The claimant had just begun to pass a farm tractor on the crest of a hill when the tractor attempted to make a left hand turn. Claimant's car collided with the left front wheels of the tractor. Claimant testified that the tractor driver gave no turn signal. The investigating officer testified that claimant could not have seen any signal in that his visibility was impaired because he was on a hill crest; the

cause of the accident was claimant's passing on a hill crest.

The board found, in addition to other facts, that the claimant "was operating his vehicle in violation of former Code §§ 68-1635, 1637 and 1638 in effect at that time (now Code §§ 68A-303, 305, and 307) punishable as misdemeanor offenses under the provisions of Code § 68-9926, in that he was overtaking a vehicle without a clear view while passing on the left with impaired visibility by reason of the crest of a hill in an area on the highway marked with a yellow line to the right of the center line which he crossed by moving into the left lane. . . . The claimant's actions as described above proximately caused the collision, and, therefore, the accident and his injury are attributable to his wilful misconduct."

The superior court remanded the case to the board to make clarification of findings of fact regarding the following points: (1) Was claimant in the course of his employment at the time of the injury; (2) Was claimant intoxicated at the time of injury; (3) What was the relationship between said intoxication and the collision; (4) When could claimant have seen any signal given by the operator of the tractor; and (5) Did the tractor give any turn signal; if so, when and where was such signal given. The court further directed the board to apply "approximate" Georgia law regarding intoxication and the burden of proving intoxication as the proximate cause of the injury.

The board was authorized to find that claimant acted in violation of penal statutes (as set forth above), which was wilful misconduct and the proximate cause of his injury. See *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (150 SE 208); *Smith v. American Mut. Liab. Ins. Co.,* 125 Ga. App. 273 (187 SE2d 299); *Young v. American Ins. Co.,* 110 Ga. App. 269 (138 SE2d 385). The board's determination that claimant's wilful misconduct was the proximate cause of his injuries is conclusive on the superior court if supported by the evidence. Once a finding was made that the claimant's injuries were caused by his own wilful misconduct, compensation must be denied under the provisions of Code § 114-105. The board's findings of fact were sufficient to support its conclusions and award of no

compensation. A determination as to the questions remanded by the superior court became immaterial. See generally, *Castleberry v. United States F. & G. Co.,* 126 Ga. App. 425 (3) (190 SE2d 831). The court erred in failing to affirm the award denying compensation and in remanding the case to the board.

*Judgment reversed. Bell, C. J., Deen, P. J., Clark, Stolz and Marshall, JJ., concur. Quillian, Evans and Webb, JJ., dissent.*

ARGUED JUNE 26, 1975 — DECIDED NOVEMBER 6, 1975.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellants.
*Farrar & Farrar, Curtis Farrar,* for appellee.

CLARK, Judge, concurring.

As I voted with the minority in *Liberty Mut. Ins. Co. v. Bray,* 136 Ga. App. 587, and with the majority in the instant case, I deem it proper to explain what at first blush appears to be an inconsistency.

In my view, there is no contrariety in my position because of the difference in facts. In *Bray* the employee was crossing a country road to reach the company's parking lot. Here the employee violated those statutes which forbid motorists from passing another vehicle on a hill, crossing into the left lane of a highway marked with a yellow line to the right of the center line. Bray's conduct may have been negligence but should not be considered as malum in se. On the other hand, Rollins undertook the wilful and conscious doing of an act of a criminal or quasi-criminal nature which brought him within the statutory bar of "wilful misconduct."

QUILLIAN, Judge, dissenting.

As stated in my dissent in *Liberty Mut. Ins. Co. v. Bray,* 136 Ga. App. 587, I cannot agree that, without more, a mere technical violation of a statutory traffic violation constitutes wilful misconduct within the meaning of Code §114-105 so as to bar a claimant from recovering workmen's compensation.