### 37852. WALSH CONSTRUCTION COMPANY et al. v. FRAWLEY.

ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*Jordan, C. J., Clarke, Smith and Gregory, JJ., concur. Hill, P. J., and Marshall, J., dissent.*

ORDERED SEPTEMBER 8, 1981.

*Lawson A. Cox II, C. Wade McGuffey, Jr.,* for appellants.
*Otis W. Harrison,* for appellee.

HILL, Presiding Justice, dissenting.

I write because the coverage of workers' compensation has been expanded, albeit slightly, without a published opinion, and employees, employers and insurers, as well as the bench and bar should be aware of it.

The employer, Walsh Construction Company, an independent construction contractor, was engaged by Georgia Power Company in the construction of Plant Vogtle on a large tract of land in a remote area in Burke County. The power company designated a parking lot, which it alone owns, maintains and controls, for use by construction workers and they were instructed to park there.

A whistle blows at 12:45 a.m. at which time construction workers cease work and leave their work sites. Workers proceed to turnstiles where time clocks are located and go about 70 feet farther to the parking lot. Workers are paid for working until 1:00 a.m. Shortly before 1:00 a.m. on the night of the injury, the employee in this case had proceeded about 300 feet into the parking lot when he was struck and injured by a car driven by an employee of a subcontractor. Although the employee was to be paid until 1:00 a.m., the employer

exercised no control over its employee at the time and place the injury occurred.

The issue presented to the Administrative Law Judge was whether the injuries arose out of and in the course of employment. Code § 114-102. Recognizing that an employee injured in a parking lot owned by the employer is protected by the act,[1] the ALJ found that where an employee of a construction contractor is directed to park in a lot owned not by his employer but by the owner of the construction project, and is being paid at the time of the injury, the injury arises out of and in the course of the employment.

The Board adopted the findings and conclusions of the ALJ and affirmed the award. The superior court, which is no longer merely an intermediate appellate court, but is now the final authority in many workers' compensation cases (see Code Ann. § 6-701.1), affirmed the award of the Board. The employer's application to appeal to the Court of Appeals was denied, and this court has denied the employer's application for certiorari.

In its application for certiorari the employer argued that the "parking lot" cases, *Federal Ins. Co. v. Coram,* supra; *United States Casualty v. Russell,* supra, and their progeny, hold that in order for the employee to recover for injuries received in a parking lot, the lot must be owned by the employer, and that here the lot was not owned by the employer and, further, the employer had no control over the employee at the time and place of the injury.

I agree with the employer that the decisions of the Administrative Law Judge, the State Board of Workers' Compensation, the superior court, and the Court of Appeals, as well as the decision of this court to deny certiorari, eliminated (either expressly or by implication) from the "parking lot" cases the requirement that the premises be owned by the employer. I also agree with the decision of the ALJ, etc. The opinion in *Dept. of Human Resources v. Jankowski,* 147 Ga. App. 441 (249 SE2d 124) (1978), provides the path on which these cases have proceeded. I would grant the application for certiorari and would affirm on the merits.

I therefore respectfully dissent to the denial of certiorari in this case.

---

[1] " '[T]he period of employment generally includes a reasonable time for ingress to and egress from the place of work, while *on the employer's premises.*' " (Emphasis supplied.) *United States Casualty Co. v. Russell,* 98 Ga. App. 181, 182 (105 SE2d 378) (1958); see also *Federal Ins. Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214) (1957).